Thomas AUGUSTA, etc., Plaintiff,
v.
MARSHALL MOTOR CO. et
al., Defendants.

Civ. A. No. C77–430.

United States District Court,
N. D. Ohio, E. D.

Sept. 9, 1977.

John E. Duda, Duda, Elk & Wohl, Cleveland, Ohio, for plaintiff.

Andrew J. McLandrich, James P. Conroy, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, Ohio, for defendant Marshall Motor Co.

William D. Ginn, Michael A. Cyphert, David J. Naftzinger, Thompson, Hine & Flory, Cleveland, Ohio, for defendant Ford Motor Credit Co.

## MEMORANDUM AND ORDER

KRUPANSKY, District Judge.

This is an action instituted by the plaintiff, Thomas Augusta (Augusta), pursuant to the Truth in Lending Act of 1968, 15 U.S.C. § 1601 et seq, and the Motor Vehicle Information and Cost Savings Act of 1972, 15 U.S.C. § 1901 et seq.

The Amended Complaint states two claims, the first of which is brought pursu-

ant to the Truth in Lending Act and regulations promulgated thereunder at 12 C.F.R. § 226.1 *et seq.* (commonly known as Regulation Z), against defendants Marshall Motor Company (Marshall) and Ford Motor Credit Company (Ford Credit), wherein the plaintiff seeks statutory damages, costs, and reasonable attorneys' fees in accordance with 15 U.S.C. § 1640(a) on behalf of himself, and injunctive and declaratory relief on behalf of a purported class of persons similarly situated, pursuant to Rule 23(a) and (b)(2), Fed.R.Civ.P.

The plaintiff states a second claim solely on behalf of himself against defendant Marshall under the odometer information disclosure requirements of the Motor Vehicle Information and Cost Savings Act and regulations promulgated thereunder at 49 C.F.R. § 580.4, seeking statutory damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1989(a).

The matter is now before the Court on the Cross-Motions of the parties for summary judgment, pursuant to Rule 56, Fed.R. Civ.P., with respect to each claim. The two claims will therefore be considered by the Court *seriatim.*

The essential facts surrounding the transaction which gave rise to the instant action are not in dispute. On February 8, 1977, the plaintiff purchased from defendant Marshall a 1976 Ford Granada automobile which Marshall had initially purchased from Ford Motor Company and used as a demonstrator vehicle. The transaction between Augusta and Marshall was evidenced by an Ohio Retail Installment Contract (the contract) executed by the plaintiff and Marshall on February 8, 1977 and subsequently assigned to defendant Ford Credit according to the terms thereof. Thereafter, on February 25, 1977, Ford Credit mailed a payment coupon book to Augusta which contained separate coupons for each of the installment payments required under the contract, and which identified Ford Credit as the purchaser of the plaintiff's installment contract from Marshall. The plaintiff commenced making his installment payments to Ford Credit as called for in the coupon book, and on April 25, 1977 instituted the present action.

The plaintiff's first claim alleges that defendants Marshall, an automobile dealer, and Ford Credit violated § 226.6(d) of Regulation Z by failing to identify Ford Credit as a "creditor" under the contract within the meaning of § 226.2(m) thereof, that is

a person who in the ordinary course of business regularly extends or arranges for the extension of consumer credit, or offers to extend or arrange for the extension of such credit.

An examination of the multi-copy snap out form installment contract executed by Augusta and Marshall, several copies of which have been submitted to the Court as exhibits to the parties' Motions for summary judgment and the depositions filed herein, discloses that the name of defendant Ford Motor Credit appears at two places on the face of the contract. First, in the upper left-hand corner thereof, the title "Ford Motor Credit Company" and the emblem of the Ford Motor Company are printed above the designation "Ohio Retail Instalment Contract." Secondly, in the lower left-hand portion of the face of the contract, directly beneath a statement concerning credit life insurance eligibility and above the signature line for the seller, the following statement appears:

The foregoing contract is hereby accepted by the Seller and assigned to Ford Motor Credit Company in accordance with the terms of the Assignment set forth on the reverse side hereof.

The terms of this assignment are contained in paragraph 16 of the terms and conditions of the contract set forth in the upper left-hand corner of the reverse side of the document, and provide as follows:

ASSIGNMENT

The original Seller may assign this contract and his assignee shall acquire all of his interest in this contract and the Property and shall be entitled to all the rights and privileges of Seller hereunder. After Buyer receives notice of any such assignment, Buyer shall make all payments hereunder directly to the holder hereof

and the original Seller shall not be the agent of the holder for transmission of payments or otherwise. Buyer shall not transfer or otherwise dispose of any interest in this contract or the Property. The purchaser is referred to these additional terms and conditions appearing on the reverse side of the contract by paragraph 15 of the details of the transaction, which is printed above the signature line for the buyer on the lower right-hand portion of the face of the instrument.

Section 226.6(d) of Regulation Z, upon which the plaintiff relies, provides as follows:

(d) *Multiple creditors or lessors; joint disclosure.* If there is more than one creditor or lessor in a transaction, each creditor or lessor shall be clearly identified and shall be responsible for making only those disclosures required by this Part which are within his knowledge and the purview of his relationship with the customer or lessee. If two or more creditors or lessors make a joint disclosure, each creditor or lessor shall be clearly identified. The disclosures required under paragraphs (b) and (c) of § 226.8 shall be made by the seller if he extends or arranges for the extension of credit. Otherwise disclosures shall be made as required under paragraphs (b) and (d) of § 226.8 or paragraph (b) of § 226.15.

Regulation Z fails, however, to specify the manner or form by which such a creditor is to be "clearly identified." The Federal Reserve Board, which pɪ mulgated Regulation Z, has stated in an official staff interpretation, for example, that the disclosure of a creditor's identity "does not constitute required 'terminology'" within the meaning of the regulation, see § 226.6(a) thereof. FRB Official Staff Interpretation No. FC–0001, 41 Fed.Reg. 41,907, 5 CCH Consumer Credit Guide ¶ 31,449 (issued August 31, 1976, effective September 22, 1976). See *Grey v. European Health Spas, Inc.*, 428 F.Supp. 841 (D.Conn.1977).

The plaintiff's contention must therefore be examined in the context of the stated purpose of the federal truth in lending legislation, which is

to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him to avoid the uninformed use of credit.

Pub.L. 90–321, Title I, § 102 (May 29, 1968), 82 Stat. 146, codified at 15 U.S.C. § 1601. The Court of Appeals for the Third Circuit has described the Congressional intent expressed in the Truth in Lending Act in the following language:

The Truth in Lending Act provides for full disclosure of credit terms rather than regulation of the terms or conditions under which credit may be extended. H.R. Rep. No. 1040, 90th Cong., 2d Sess. (1968). Enacted because of the divergent, and often fraudulent, practices by which credit customers were apprised of the terms of the credit extended to them, the Act's avowed purpose is to assure credit customers a meaningful disclosure of credit terms, thus enabling these consumers to compare more readily the various available credit terms and thereby to avoid the uninformed use of credit. 15 U.S.C. § 1601 (1970); see *Mourning v. Family Publications Serv., Inc.*, 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973); *Philbeck v. Timmers Chevrolet Inc.*, 499 F.2d 971 (5th Cir. 1974). The Act is a remedial statute that should be construed liberally to ensure achievement of these goals. *N. C. Freed Co. v. Board of Governors of Fed. Reserve Sys.*, 473 F.2d 1210, 1214 (2d Cir.), *cert. denied*, 414 U.S. 827, 94 S.Ct. 48, 38 L.Ed.2d 61 (1973) [footnote omitted].

*Johnson v. McCrackin-Sturman Ford, Inc.*, 527 F.2d 257, 262 (3rd Cir. 1975). See *Wachtel v. West*, 476 F.2d 1062 (6th Cir.), *cert. denied*, 414 U.S. 874, 94 S.Ct. 161, 38 L.Ed.2d 114 (1973). It was not intended, however, that this legislation "set traps by which windfalls could be reaped by fanciful lawyers," *Andrucci v. Gimbel Bros., Inc.*, 365 F.Supp. 1240, 1243 (W.D.Pa.1973), *aff'd mem.*, 505 F.2d 729 (3rd Cir. 1974), nor should the statute and regulations "be allowed to be used as means of oppression or harassment or unjust enrichment," *Shields v. Valley National Bank of Arizona*, 56

F.R.D. 448, 451 (D.Ariz.1971). Neither is this statute punitive in nature, *Bostwick v. Cohen,* 319 F.Supp. 875, 878 (N.D.Ohio 1970). *See Redhouse v. Quality Ford Sales, Inc.,* 511 F.2d 230, 237 (10th Cir. 1975).

■ The plaintiff's first claim fails to allege any violation of the specific disclosure requirements of Regulation Z concerning the financial aspects of the transaction, or that the plaintiff was misled by either of the defendants as to the terms of his credit agreement, or that he did not understand these aspects of the contract. In fact, the plaintiff commenced and has continued the timely payment of his installment obligations to Ford Credit (deposition of Thomas Augusta, filed August 5, 1977, at 17–19).

The plaintiff's sole assertion as to this claim, then, is that defendant Ford Credit was insufficiently identified as a "creditor" of this transaction, as opposed to an assignee. Because the regulations do not prescribe the manner in which clear identification of a "creditor" is to be made, the plaintiff has failed to establish a *prima facie* violation of § 226.6(d), inasmuch as defendant Ford Credit is clearly designated in the contract as an assignee and the terms of the assignment of defendant Marshall's rights under the contract are disclosed as "additional information or explanations" in accordance with § 226.6(c).

The issue of the sufficiency of this disclosure for purposes of § 226.6(d) was presented to the United States District Court for the Western District of Pennsylvania in *Main v. Faller Ford, Inc. and Ford Motor Credit Co.,* No. 74–337 (W.D.Pa. April 22, 1976), wherein the court examined an installment contract containing a disclosure statement of defendant Ford Credit as assignee thereof identical to that contained in the contract executed by Augusta. The court dealt with the plaintiff's contention in the following manner:

> Whether Ford Credit may be described as a "creditor" as the term is used in § 226.6(d) need not be decided in this factual context because to require such a disclosure by Ford Credit on a separate piece of paper would not be a meaningful disclosure nor would it further the goals

of the Truth-In-Lending Act. Ford Credit was accurately described in the contract as the assignee and it is undisputed that plaintiff personally understood that Ford Credit would actually extend her credit and consequently be the recipient of her monthly installment payments. In her deposition, plaintiff states that she was familiar with the financial arrangement provided by defendant Ford Credit to Ford dealers because her fiance (now husband) had financed a car through them. Plaintiff, through her conversation with Faller's sales person, was also aware that the financing of the Pinto automobile would be provided by defendant Ford Credit if her credit record was acceptable. To adopt plaintiff's argument would not advance the goals of the Act. Section 226.6(d) places the obligation upon the seller who arranges for the credit to make the statutory disclosures, see *Manning v. Princeton Consumer Discount Co. and Springfield,* [533 F.2d 102 (3rd Cir. 1976)], and Faller made such disclosures. To require Ford Credit to also disclose to plaintiff that it was also a "creditor" within the Act would be a meaningless and needless exercise providing plaintiff with duplicative information, and such duplication cannot be justified by the Act's purpose nor by the practical considerations of these circumstances.

*Main, supra,* Opinion dated April 22, 1976, at 11–12. Although the plaintiff has contended that he was unaware that the purchase of his automobile was to be financed by defendant Ford Credit rather than defendant Marshall (deposition of Thomas Augusta, *supra* at 55–58), the installment contract which he signed accurately notifies him of the assignment of the contract to defendant Ford Credit and of his obligations thereunder. Moreover, any possible misunderstanding on the part of the plaintiff as to the role of Ford Credit in this transaction was remedied, for purposes of this statute, when on February 25, 1977 defendant Ford Credit mailed to Augusta the coupon payment book (attached as exhibit C to defendant Ford Credit's Motion for summary judgment), on the inside front

cover of which appears the following statement:

> Dear customer—we are pleased to have purchased the finance contract you recently made with your dealer for the property described on the front cover. All payments under your contract should be made directly to Ford Motor Credit Company.

This statement was made within 15 days of the execution of the contract on February 8, 1977, as provided by the curative provision of the Truth in Lending Act, 15 U.S.C. § 1640(b):

> (b) A creditor has no liability under this section if within fifteen days after discovering an error, and prior to the institution of an action under this section or the receipt of written notice of the error, the creditor notifies the person concerned of the error and makes whatever adjustments in the appropriate account are necessary to insure that the person will not be required to pay a finance charge in excess of the amount or percentage rate actually disclosed.

To have required defendant Ford Credit to have denominated itself as other than an assignee on this form contract would not advance the purposes of the Truth in Lending Act, *Main, supra* at 11–12, and would perhaps have misrepresented the relationship between defendant Marshall and defendant Ford Credit. The contrary view would not provide the plaintiff with a more "meaningful disclosure of credit terms," *Johnson v. McCrackin-Sturman Ford, Inc., supra* at 262; *see* 15 U.S.C. § 1601. Accordingly, the Court finds that the designation of defendant Ford Credit as the assignee of the plaintiff's retail installment contract constitutes sufficient clear identification of defendant Ford Credit's relationship to the transaction within the meaning of § 226.-6(d) of Regulation Z, and that the plaintiff has therefore failed to establish a violation of § 226.6(d) as alleged in his first claim.

■ The plaintiff's Motion to certify his first claim as a class claim, pursuant to Rule 23(a) and (b)(2), Fed.R.Civ.P., is also before the Court. The Court is mindful that the named plaintiff's failure to state an individual claim upon which relief can be granted does not necessarily preclude the maintenance of his action as a class action, *Huff v. N. D. Cass Company of Alabama,* 485 F.2d 710, 712–14 (5th Cir. 1973), followed in *Roberts v. Union Company,* 487 F.2d 387 (6th Cir. 1973) (*per curiam*). Nonetheless, the burden is upon the plaintiff to establish his right to utilize the class action procedures. *Senter v. General Motors Corp.,* 532 F.2d 511, 522 (6th Cir.), *cert. denied,* 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976); *see Davis v. Romney,* 490 F.2d 1360, 1366 (3rd Cir. 1974); *Cook County College Teachers, Local 1600, AFT v. Byrd,* 456 F.2d 882, 885 (7th Cir.), *cert. denied,* 409 U.S. 848, 93 S.Ct. 56, 34 L.Ed.2d 90 (1972), *rehearing denied,* 414 U.S. 883, 94 S.Ct. 29, 38 L.Ed.2d 131 (1973); 3B Moore's Fed.Prac. ¶ 23.02–2, at 23–156. He must satisfy all four criteria of Rule 23(a), *supra,* and in addition demonstrate that his purported class satisfies the requirements of the subsection of the rule invoked by him in the Amended Complaint. *Senter v. General Motors Corp., supra* at 522; *Valentino v. Howlett,* 528 F.2d 975, 978 (7th Cir. 1976); *Rutledge v. Electric Hose & Rubber Co.,* 511 F.2d 668, 673 (9th Cir. 1975).

Rule 23, Fed.R.Civ.P., provides in pertinent part as follows:

> (a) *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
>
> (b) *Class Action Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied and in addition:
>
> \* \* \* \* \* \*
>
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby mak-

ing appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole . . . .

■ Although the plaintiff initially sought to maintain this action as a class action with respect to both claims asserted in his Amended Complaint, he has now limited his intention to obtain class treatment to his first claim, purportedly arising under the Truth in Lending Act and Regulation Z, as aforestated, and defines this prospective class in the Amended Complaint as comprised of:

Persons who have purchased automobiles from Defendants within one year last past and who have like claims for violations of the Consumer Credit Protection Act and Regulation Z . . . .

In this instance, the named plaintiff, Thomas Augusta, is unable to maintain a claim against the defendants under § 226.-6(d) of Regulation Z not because of some factual infirmity peculiar to him alone, *cf. Huff v. N. D. Cass Company of Alabama, supra* at 712, and *Roberts v. Union Company, supra* at 388–89, but because the form installment contract utilized by the defendants in the transaction with Augusta adequately conforms to the requirements of the truth in lending legislation, and § 226.-6(d) of Regulation Z in particular, as aforestated. It therefore follows that adequate disclosure of the identity and role of defendant Ford Credit in the respective transactions was made by means of this form installment contract to each purported member of the plaintiff's class, that is, to each purchaser of a motor vehicle from defendant Marshall within the last year whose purchase was financed by means of this identical form installment contract, which contract was subsequently assigned to defendant Ford Credit in accordance with the terms thereof. This must be the case inasmuch as the named plaintiff has limited his purported class to purchasers who have "like claims" arising under § 226.-6(d) of Regulation Z regarding the identification of defendant Ford Credit in the contract.

Accordingly, it would not be possible for this Court to fashion any "appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole," Rule 23(b)(2), Fed.R.Civ.P., inasmuch as the named plaintiff has failed to demonstrate that he or the members of this purported class have sustained or are threatened with any " 'real and immediate' " injury in fact, *O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). Moreover, the determination of the issue presented by the named plaintiff in his first claim can be made by the Court "regardless of whether this action is treated as an individual action or as a class action," *Ihrke v. Northern State Power Co.,* 459 F.2d 566, 572 (8th Cir.), *vacated and remanded to dismiss as moot,* 409 U.S. 815, 93 S.Ct. 66, 34 L.Ed.2d 72 (1972), followed in *Craft v. Memphis Light, Gas and Water Division,* 534 F.2d 684, 686 (6th Cir. 1976), *petition for cert. granted,* 429 U.S. 1090, 97 S.Ct. 1098, 51 L.Ed.2d 535 (1977). Class certification pursuant to subdivision (b)(2) of Rule 23, Fed.R.Civ.P., as invoked by the named plaintiff, is therefore inappropriate.

In addition, an examination of the record discloses that the named plaintiff, Thomas Augusta, has failed to satisfy one of the four threshold requirements for the maintenance of a class action, namely that "the representative part[y] will fairly and adequately protect the interests of the class," Rule 23(a)(4), Fed.R.Civ.P.

■ The assessment of the named plaintiff's satisfaction of this requirement necessitates a qualitative examination of the named plaintiff's efforts on behalf of the purported class, and the Court "must now carefully scrutinize the adequacy of representation in all class actions," *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 562 (2d Cir. 1968), *vacated and remanded on other grounds,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), inasmuch as any judgment rendered is res judicata as to all members of the class. *See* 3B Moore's Fed.Prac. ¶ 23.07[1], at 23–351–60. As the court stated in *Mersay v. First Republic Corporation of America,* 43 F.R.D. 465, 470 (S.D.N.Y. 1968),

The primary criterion is the forthrightness and vigor with which the representa-

918

tive party can be expected to assert and defend the interests of the members of the class, so as to insure them due process.

*See duPont v. Wyly,* 61 F.R.D. 615, 621 (D.Del.1973).

The named plaintiff, Thomas Augusta, seeks statutory damages, costs and attorneys' fees, pursuant to 15 U.S.C. § 1640(a), on behalf of himself with respect to his claim stated under the Truth in Lending Act and Regulation Z. Yet an examination of the Amended Complaint discloses that he seeks to prosecute this action as a class action pursuant to Rule 23(b)(2), Fed.R. Civ.P., which provides for an award of "appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole," rather than damages, *see* 3B Moore's Fed.Prac. ¶ 23.40, at 23–654. Inasmuch as the damage award authorized by 15 U.S.C. § 1640(a) bears no relation to the plaintiff's actual pecuniary loss, *see Redhouse v. Quality Ford Sales, Inc.,* 523 F.2d 1 (10th Cir. 1975) (*as modified on rehearing en banc*), and the Truth in Lending Act now specifically provides for an award of damages in class actions, 15 U.S.C. § 1640(a)(2)(B), as amended, the question arises as to whether Thomas Augusta has demonstrated the "forthrightness and vigor" required in order adequately to protect the interests of claimants similarly situated, having failed to seek an award of damages on behalf of the members of his prospective class as well as for himself. The plaintiff has answered this question during the course of his deposition, wherein the following colloquy appears:

Q. Now, as far as those other persons, you understand, if I am reading this correctly—I am advising you, at least, that I don't see where you have asked for $1,000 on behalf of any of the other persons that are in the class; am I correct?

A. Yes, sir.

Q. In other words, you haven't asked for damages for these other people that you would like to represent?

A. No, sir.

Q. You have asked for an injunction, am I correct, to cause the changes to be made in the. forms?

A. Yes, sir.

Q. But you are not asking that they be awarded the $1,000 in damages?

A. No, sir.

Q. Or any damages?

A. Yes, sir.

Q. Don't you think it a little unfair, Mr. Agusta [*sic*], to ask for $1,000 yourself and not to ask for it for these other people?

MR. DUDA: Objection.

Have you considered that? Can you say one way or the other?

THE WITNESS: No, I haven't really considered it.

Q. Well, don't you think you should have asked for damages for the other people that you are going to represent?

MR. DUDA: Objection. I don't think he has considered that, so how can he answer it?

MR. GINN: Well, I am asking him to consider it now.

A. You mean if I should ask for money for everybody else?

Q. Yes, I mean you asked it for yourself, didn't you?

A. Well, if the same thing happens to somebody else, it is their responsibility, no?

Q. But you are entitled—you are claiming the right to represent them here, are you not?

A. Yes.

Q. And yet you are not asking for any damages in their behalf?

A. Yes, that's the way it's written.

Q. It was written that way because that is the way your lawyer wrote it; am I correct?

A. Yes, sir.

Q. Now, as far as starting this action against Ford Motor Credit Co., how did it come that you decided to file a suit against the Ford Motor Credit Co.?

A. That was left up to my attorneys. Deposition of Thomas Augusta, *supra* at 74–76. This fundamental disregard by the named plaintiff for the statutory interests of persons similarly situated is in conflict with the essential aspects of the class action device, *see Hansberry v. Lee,* 311 U.S. 32, 41–45, 61 S.Ct. 115, 85 L.Ed. 22 (1940), and compels this Court to conclude that Thomas Augusta would not be an adequate representative of his purported class, *see Turoff v. The May Co.,* 531 F.2d 1357 (6th Cir. 1976).

For the foregoing reasons, the plaintiff's Motion to certify his Truth in Lending Act claim as a class claim must therefore be denied. *Senter v. General Motors Corp., supra; Valentino v. Howlett, supra; Rutledge v. Electric Hose & Rubber Co., supra; Eisen v. Carlisle & Jacquelin, supra.*

█ The parties also move for summary judgment pursuant to Rule 56, Fed.R. Civ.P., with respect to the claim asserted by the plaintiff against defendant Marshall under the odometer requirements contained in Subchapter IV of the Motor Vehicle Information and Cost Savings Act of 1972, 15 U.S.C. § 1981 *et seq.*

Section 409 thereof, 15 U.S.C. § 1989, provides as follows:

*Civil actions to enforce liability for violations of odometer requirements; amount of damages; jurisdiction; period of limitation*

(a) Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of—

(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

(b) An action to enforce any liability created under subsection (a) of this section, may be brought in a United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises.

The disclosure requirement allegedly violated by defendant Marshall is found not in the statute, but in § 580.4(4) of the regulations promulgated by the Secretary of Transportation at 49 C.F.R. § 580.4 pursuant to 15 U.S.C. § 1988. Section 580.4(4) of these regulations requires a transferor of a motor vehicle to furnish to the transferee a written statement signed by the transferor and containing, *inter alia,* the last plate number of the vehicle. The Odometer Mileage Statement issued on behalf of defendant Marshall to the plaintiff on February 8, 1977 failed to disclose this last plate number (*see* exhibit B to the plaintiff's Amended Complaint, and exhibit 9 to the deposition of Thomas Augusta, *supra* ).

The purposes and requirements of this statute and the regulations promulgated pursuant thereto were recently summarized by the court in *Purser v. Bill Campbell Porsche Audi, Inc.,* 431 F.Supp. 1235, 1236 (N.D.Fla.1977):

Section 1981 of Title 15 sets forth the Congressional purpose of the subchapter. That section, in pertinent part, states as follows:

It is therefore the purpose of this subchapter to prohibit tampering with odometers on motor vehicles and to establish certain safeguards for the protection of purchasers with respect to the sale of motor vehicles having altered or reset odometers.

Section 1988, the section relied upon by plaintiff, directs the Secretary to promulgate rules requiring disclosure (1) of cumulative mileage registered on vehicle odometers, and (2) that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.

The statutes require no further disclosures and evince no intention by Congress to extend civil liability into any other area.

The regulations likewise evidence the limited scope of the Act. The regulations state that the scope of the regulations is to require written disclosure of odometer mileage and that the purpose of the regulations is to provide purchasers with odometer information to assist in determining the vehicle's condition. *See* 49 C.F.R. §§ 580.1 and 580.2.

It has therefore been held that a prerequisite for the imposition of liability under this Act is that "a change in the odometer reading has occurred and that the seller has failed to disclose the change," *Delay v. Hearn Ford*, 373 F.Supp. 791, 796 (D.S.C. 1974), followed in *Klein v. Pincus*, 397 F.Supp. 847 (E.D.N.Y.1975).

It is not alleged, however, that the mileage disclosed on this Odometer Mileage Statement was incorrect, or that the odometer on the plaintiff's vehicle had been altered or replaced. In fact, the plaintiff stated in his deposition that the mileage reading provided on this statement corresponded to that registered on the vehicle at the time it was delivered to him (deposition of Thomas Augusta, *supra* at 124).

Furthermore, the fraudulent intent alleged by the plaintiff on the part of defendant Marshall is not an intent to mislead him with respect to the actual mileage of the 1976 Ford Granada automobile which he purchased from defendant Marshall, but an intention to misrepresent to him the nature and extent of the warranty applicable to the vehicle (Amended Complaint ¶¶ 22, 29–32; deposition of Thomas Augusta, *supra* at 85, 103 *et seq.*), which Augusta has admitted that he knew to be a used vehicle utilized by defendant Marshall as a demonstrator (deposition of Thomas Augusta, *supra* at 100, 113, 114).

To find liability on the basis of this regulatory violation in the face of the plaintiff's admission that no error or omission in the actual odometer mileage disclosure has been made would run counter to the expressed concerns of the Act and regulations taken as a whole, and would constitute an unwarranted judicial extension of the statutory liability created by Congress in Subchapter IV of the Act, *see Purser, supra*. Accordingly, the plaintiff having failed to allege or to demonstrate any intent upon the part of defendant Marshall to defraud him with respect to the mileage reading disclosed to him at the time of his purchase of the 1976 Ford Granada automobile from Marshall, no violation of the provisions of the odometer requirements of the Motor Vehicle Information and Cost Savings Act has been demonstrated. *Purser, supra; Mayes v. Warren Hollon Motors*, 410 F.Supp. 768 (S.D.Ohio 1975); *Birdwell v. Hartsville Motors, Inc.*, 404 F.Supp. 625 (M.D.Tenn.1975).

The plaintiff's Motion to certify this action as a class action with respect to the first claim stated in his Amended Complaint is therefore denied, the plaintiff's Motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., is denied, and the separate Motions of defendants Ford Credit and Marshall for summary judgment pursuant thereto are hereby granted.

IT IS SO ORDERED.