**Don E. BIRD and Rita Bird, Plaintiffs,**

v.

**GODDARDS DISCOUNT FURNITURE and General Finance Corporation, Defendants.**

**No. 77–1109.**

United States District Court, S. D. Illinois, N. D.

Jan. 26, 1978.

---

Barry M. Barash, Galesburg, Ill., for plaintiffs.

Barney Olson II, Ltd., Galesburg, Ill., for defendants.

## DECISION AND ORDER

ROBERT D. MORGAN, Chief Judge.

This complaint for damages for alleged violation of the Truth in Lending Act, 15 U.S.C. § 1601, et seq., presents only the "hidden creditor" issue. The complaint alleges that plaintiffs entered into a retail installment contract on February 22, 1977, to purchase furniture from defendant Goddards; that prior to that date plaintiffs had completed a credit application to defendant General, upon a form supplied by General; that Goddards had a standing arrangement with General whereby General would finance all credit sales by Goddards, upon General's prior approval of the particular credit application, and that Goddards never, itself, undertook the risk of financing; that Goddards principal business is retail furniture sales and General's principal business is the making of consumer loans; that the consumer documents in suit were signed only after General had approved the credit application; and that the consumer agreement, upon a form supplied by General, was executed only after approval by General. It was thereafter assigned to General. Defendants answered admitting each of those allegations.

The defendants do deny the allegations of the complaint that the retail installment contract was the only document which purported to make disclosures to the plaintiffs in compliance with the Act and Regulation Z, but that denial rests upon the fact that General did, on February 22, 1977, mail to the plaintiffs a verification letter which disclosed that it was the creditor, with a payment book therewith enclosed. Plaintiff Rita Bird receipted for that transmittal on February 27, 1977.

The complaint claims the right of each plaintiff to recover the statutory penalty and his costs and reasonable attorney's fees.

Both parties have moved for summary judgment. Supportive of the defendants' motion for summary judgment is the affidavit of Dennis J. Sibley, an employee of Goddards, that he told Mrs. Bird, prior to the execution of the contract, that the contract would be sold to General and that payments would be made to General. By her affidavit, Mrs. Bird denies that she did have such prior knowledge. Irrespective of the conflicting statements contained therein, those affidavits are deemed to have no relevant bearing upon the issue presented. Neither oral disclosures in advance nor written disclosures which follow the disclosures made when the credit transaction was consummated can satisfy the requirements of the Act and Regulation Z, that full written disclosures be made in the context of the transaction itself. One of those requirements is that the creditor be identified.

We are cited to no controlling decision upon this issue, nor has such controlling authority been found. However, there is persuasive authority which would support a judgment for the plaintiffs against both Goddards and General.

*Meyers v. Clearview Dodge Sales, Inc.,* 384 F.Supp. 722 (E.D.La.1974), *aff'd* 539 F.2d 511 (5th Cir. 1976), arose in a context very similar to that present here. The plaintiff executed a purchase order for the purchase of an automobile from defendant

Clearview. At the same time, she executed a credit application on a form provided by defendant Chrysler Credit Corporation. Pursuant to an agreement between Clearview and Chrysler, that application for credit was submitted to Chrysler for approval, and, by it, approved. The sale was then concluded, with the plaintiff executing a three-part instrument which included a promissory note, a chattel mortgage, and a disclosure statement. Clearview was named on the form as the creditor and chattel mortgagee, while the identity of Chrysler as a creditor was not disclosed upon the face of the instrument. The document was immediately assigned to Chrysler. Summary judgment was entered for the plaintiff against both Clearview and Chrysler for the statutory penalty, the court saying that Clearview was merely the arranger, or conduit, for credit extended by Chrysler, that Chrysler was the intended creditor, and that both Clearview and Chrysler were obligated under the Act and Regulation to disclose the identity of Chrysler as a creditor. 384 F.Supp. at 728–729. The Court of Appeals affirmed. *Meyers v. Clearview Dodge Sales, Inc.*, 539 F.2d 511, 514–516 (5th Cir. 1976).

Upon almost identical facts, the court found a violation of the Act by both an automobile dealer and the corporate credit arm of Ford Motor Company, in the failure of the disclosure statement made to identify the actual creditor. *Cenance v. Bohn Ford, Inc.*, 430 F.Supp. 1064, 1067–1069 (E.D.La. 1977).

Those decisions impress this court as being not only eminently sound in their reasoning, but also as reaching the result in the circumstances which is mandated by the Act and Regulation Z. 12 C.F.R. 226.8(a).

■ By their answer, these defendants admit that Goddards' interest in the transaction was limited to the sale of furniture, provided that adequate credit was available; General's interest was the extension of credit, that prior approval of the credit application was obtained from General before Goddards consummated the sale; and that the whole transaction contemplated that General would be the actual extender of credit. It is patent upon the face of the disclosure statement made that General was nowhere identified as a creditor. Both Goddards and General are creditors within the statutory definition, i. e., any person "who in the ordinary course of business regularly extends or arranges for the extension of consumer credit." 12 C.F.R. § 226.2(s), 15 U.S.C. § 1602(f).

■ Were the question open, there appears to this court to be a serious question whether Congress intended by the Act to multiply the penalty for a technical statutory violation of the Act by the number of plaintiffs properly joined in a particular suit, especially husband and wife making joint family purchases. However, that question is not open for decision. In *Mirabal v. General Motors Acceptance Corp.*, 537 F.2d 871, 881–883 (7th Cir. 1976), and *Allen v. Beneficial Finance Co. of Gary, Inc.*, 531 F.2d 797, 805–806 (7th Cir. 1976), the Court of Appeals for the Seventh Circuit has held that each of multiple obligors who is affected by a single statutory violation in disclosures made is entitled to recover the statutory penalty for that violation.

Accordingly, IT IS ORDERED that defendants' motion for summary judgment is denied.

IT IS FURTHER ORDERED that summary judgments enter for the plaintiffs, Don E. Bird and Rita Bird, against both defendants, jointly and severally, each of the plaintiffs to recover the minimum penalty of $100. Judgment shall also enter for the plaintiffs for their costs of suit and reasonable attorney's fees. Should there be failure among the parties to agree upon the amount of reasonable attorney's fees and costs, that matter shall be submitted to this court for such further proceedings as may be necessary.