Robert N. SHARP, Mary Sharp, and James S. Brannon, Trustee in Bankruptcy for Robert N. Sharp, Plaintiffs,

v.

FORD MOTOR CREDIT CO., a corporation, and Louis Lakis Ford, Inc., Defendants.

No. 77–1098.

United States District Court, S. D. Illinois, N. D.

June 8, 1978.

Barry M. Barash, Galesburg, Ill., for plaintiffs.

Charles W. Pautsch, Peoria, Ill., Barney Olson II, Galesburg, Ill., for defendants.

## DECISION AND ORDER

ROBERT D. MORGAN, Chief Judge.

This complaint under the Truth in Lending Act alleges that plaintiffs sought credit from defendant Louis Lakis Ford, Inc., prior to July 15, 1977, for the purpose of purchasing from Lakis a new Ford automobile; that they executed a retail installment agreement on July 15, 1977, with Lakis as the seller; that Lakis and defendant Ford Motor Credit Company anticipated, pursuant to a standing arrangement between them, that the contract would be immediately assigned by Lakis to Ford Credit; that Ford Credit was a creditor within the intendment of the Act and Regulation Z in implementation thereof, and that Ford Credit was not identified as a creditor upon the face of the TILA disclosure statement made. The complaint does not challenge either the adequacy or accuracy of the disclosures related to the credit transaction. It only contends that Ford Credit was not adequately therein identified as a creditor.

The defendants answered, denying liability, with the answer of Ford Credit expressly denying the allegation that it was a creditor in the transaction. In that context it avers that it was a subsequent assignee of the contract.

No purpose is served by summarizing the face of the document or the disclosures therein made, with the exception of the closing information. Both plaintiffs signed the document in acknowledgment of the fact that they had received a true copy thereof. Immediately to the left of their signatures, there appears the printed statement, "The foregoing contract hereby is accepted by seller and assigned to Ford Motor Credit Company in accordance with

the terms of the assignment set forth on the reverse side hereof." That statement is followed by the signature of Lakis, as seller.[1] The contract was also assigned to Ford Credit within a few days after July 15, 1977.

Plaintiffs have moved for summary judgment in their favor, contending that Ford Credit was a creditor as a matter of law, and that, as a matter of indisputable fact, its identity as a creditor is not disclosed upon the face of the instrument.

Ford Credit moved for a summary judgment, asserting an alternative position. First, it contends that it was a subsequent assignee of the contract, not a creditor. Alternatively, it contends that if it be a creditor, then its identity was adequately disclosed upon the face of the disclosure document. Lakis has joined in the Ford Credit motion.

For the reasons hereinafter stated, plaintiffs' motion for summary judgment must be denied and summary judgment will be entered for the defendants dismissing the complaint.

In the view which this court takes of this case, it is not necessary to decide whether Ford Credit is a creditor within the meaning and intendment of Section 226.6(d) of the Regulation. Assuming, arguendo, that it is a creditor, it must be concluded that Ford Credit is adequately identified upon the face of the disclosure statement to satisfy the requirements of the Act and the Regulation.

Several cases touching upon the issue involved must be noted. *Meyers v. Clearview Dodge Sales, Inc.,* 539 F.2d 511 (5th Cir. 1976), did hold that Chrysler Credit Corporation and Clearview were "joint creditors" and were jointly liable for substantive omissions in the disclosures made in conjunction with an installment contract for the purchase of an automobile. *Ibid.* at 515. However, it is not shown that Chrysler Credit was identified in any manner upon the face of the disclosure instrument.

*Cenance v. Bohn Ford, Inc.,* 430 F.Supp. 1064 (E.D.La.1977) involved a disclosure form which was identical to that which is before this court. At issue, *inter alia,* was the question whether Ford Motor Credit Company was a "creditor" within the intendment of the Act, and thus liable for substantive deficiencies in the disclosures which were made. In that context, the court, relying upon *Meyers,* held that Ford Credit was a creditor, and that it violated the Regulation "by failing clearly to identify itself on the disclosure statement." *Ibid.* at 1067–1069.[2]

The identical disclosure form and issue were before the court in *Main v. Faller Ford, Inc.,* C.A. 74–337, W.D.Pa.1976. In that context, the court said:

"Whether Ford Credit may be described as a 'creditor' as the term is used in § 226.6(d) need not be decided in this factual context because to require such a disclosure by Ford Credit on a separate piece of paper would not be a meaningful disclosure nor would it further the goals

---

1. The printed form employed as a dual-column form with a vertical line between. The closing format thereof, which follows the credit disclosure information, is as follows:

"The foregoing contract hereby is accepted by the Seller and assigned to Ford Motor Credit Company in accordance with the terms of the Assignment on the reverse side hereof.

Seller  /s/ LOUIS LAKIS FORD, INC.

By  /s/ Michael E. McLaughlin"

"Buyer acknowledges receipt of a true and completely filled in copy of this contract at time of signing.

RETAIL INSTALLMENT CONTRACT

Buyer  /s/ Robert W. Sharp

(Co) Buyer  Mary Sharp"

2. *Contra, Williams v. Bill Watson Ford,* 423 F.Supp. 345 (E.D.La.1976). Although the *Williams* decision is not available to this court, the court in *Cenance* cited the case as being opposed to the *Cenance* decision. *Id.* at 1069.

of the Truth in Lending Act. Ford Credit was accurately described in the contract as the assignee and it is undisputed that plaintiff personally understood that Ford Credit would actually extend her credit and consequently be the recipient of her monthly installment payments. * * * To adopt plaintiff's argument would not advance the goals of the Act. [The seller made the statutory disclosures and] to require Ford Credit to also disclose to plaintiff that it was also a 'creditor' within the Act would be a meaningless and needless exercise providing plaintiff with duplicative information, and such duplication cannot be justified by the Act's purpose nor by the practical considerations of these circumstances."

The same issue and the same contract were also before the court in *Augusta v. Marshall Motor Co.,* 453 F.Supp. 912 (N.D. Ohio 1977). As in this case, and as in *Main,* there was no allegation of any substantive defect in the disclosures made, but only the allegation that Ford Credit was not sufficiently identified as a creditor. Rejecting the plaintiff's contention, the court said, in part:

" * * * Because the regulations do not prescribe the manner in which clear identification of a 'creditor' is to be made, the plaintiff has failed to establish a *prima facie* violation of § 226.6(d), inasmuch as defendant Ford Credit is clearly designated in the contract as an assignee * *."

Further, the court said:

"To have required defendant Ford Credit to have denominated itself other than as an assignee on this form contract would not advance the purposes of the Truth in Lending Act, * * *, and would perhaps have misrepresented the relationship between defendant Marshall and defendant Ford Credit. The contrary view would not provide the plaintiff with a more 'meaningful disclosure of credit terms' * * *. (Citation omitted.) Accordingly, the Court finds that the designation of defendant Ford Credit as the assignee of the plaintiff's retail installment contract constitutes sufficient clear identification of defendant Ford Credit's relationship to the transaction within the meaning of § 226.6(d) of Regulation Z, and that plaintiff has therefore failed to establish a violation of § 226.6(d) * *." [3]

This court believes that *Main* and *Augusta* are wholly consistent with the purposes of the Act and that they correctly apply the Act and Regulation to this contract. *Cenance* is therefore rejected as persuasive authority.[4]

Congress stated the purpose of the Act to be "to assure a meaningful disclosure of

---

**3.** Plaintiffs assert that *Augusta* is distinguishable from the complaint before this court inasmuch as the name of Ford Credit appeared twice upon the face of the *Augusta* disclosure statement co-joined in one instance with the "Ford" logotype. That argument is a patent misreading of the *Augusta* opinion. In *Augusta,* several copies of the "multi-copy snap out form installment contract" were before the court as exhibits. The court said that "an examination of the multi-copy snap out form" disclosed that the name "Ford Credit" appears twice upon the face thereof. First, in the upper left-hand corner thereof, the title "Ford Motor Credit Company" and the emblem of the Ford Motor Company are printed above the designation "Ohio Retail Installment Contract." The court does not identify the exhibit of which it spoke as being the disclosure statement which was delivered to the plaintiff.

Here, also, as Exhibit E to Ford Credit's motion, the court has before it a blank set of the snap out contract forms. If one substitutes the phrase "Illinois Automobile Retail Installment Contract" for the phrase "Ohio Retail Installment Contract," the comment of the *Augusta* court would apply equally as descriptive of said Exhibit E. The name "Ford Credit" does appear twice, once in conjunction with the Ford logo, on the face thereof and immediately above the phrase "Illinois Automobile Retail Installment Contract." However, when the several forms are snapped apart, the Ford Credit name and the Ford logo, in the upper left corner, remain, with the inserted carbons, as the dross of the total set, leaving only the one reference to Ford Credit in the body of the form.

**4.** In the same breath, this court also rejects its own prior decision in *Bird v. Goddards Discount Furniture,* 443 F.Supp. 422 (S.D.Ill.1978). It now becomes apparent that this court failed to recognize and appreciate the thrust of the issue presented in *Bird.* It is therefore incumbent upon the court to admit its error and to disavow the *Bird* decision as a precedent.

credit terms so that the consumer will be able to compare more readily the various credit terms available to him and to avoid the uninformed use of credit." 15 U.S.C. § 1601. Section 226.8(b) of the Regulation sets forth in meticulous, albeit sometimes confusing, detail the disclosures of credit terms which the Act does require. Section 226.8(a) provides that such "required" credit terms be meaningfully disclosed upon the form used, on which form "the creditor is identified."

Section 226.6(d) of the Regulation requires that, "If there is more than one creditor," each creditor "shall be clearly identified." The Regulation does not precisely direct the manner of such identification.

■ In the light of that stated purpose and of those implementing regulations, the issue here may be more precisely defined as follows: Under circumstances which do not permit the contention that any of the substantive disclosure requirements of the Act, related to credit terms, have not been met, is there a violation of the Act solely by reason of the fact that a lending agency, whose identity is clearly shown on the face of the disclosure instrument as an assignee, is not therein denominated by the specific and descriptive appellation of "creditor"?

We think that the statement of the issue provides the inevitable answer. The Act is concerned with substance, namely, the meaningful disclosure of credit terms. *Mourning v. Family Publications Service, Inc.,* 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973). The Regulation implements that substantive purpose, with the further statement that the creditor be clearly identified. Neither recites any requirement as to the form of creditor identification. These plaintiffs were apprised of all credit terms and of the fact that the credit paper would be assigned to Ford Credit. That information was contained within the four corners of an instrument which they signed and received. To permit them to prevail upon a complaint that Ford Credit was described as an assignee rather than as the creditor, or a creditor, would subvert the substance of the Act to form, with that form to be imposed by the fiat of this court, not by the statute or the regulation. In this court's opinion, that result would completely abort the purpose of the Act.[5]

■ It appears to be all too easy, in the light of some reported cases, for courts to abdicate the realm of reality. The required disclosures must be strictly required and enforced by the courts, but the courts should not condone or give credence to suits which attempt to subvert the Act into an instrument of harassment and oppression of the lending industry. *Redhouse v. Quality Ford Sales, Inc.,* 511 F.2d 230, 237 (10th Cir. 1975); *Andrucci v. Gimbel Brothers, Inc.,* 365 F.Supp. 1240, 1243 (W.D.Pa.1973), *aff'd,* 505 F.2d 729 (3d Cir. 1974); *Shields v. Valley National Bank of Arizona,* 56 F.R.D. 448, 551 (D.Ariz.1971).

IT IS ORDERED, therefore, that plaintiffs' motion for summary judgment is DENIED. The defendants' motions for summary judgment are ALLOWED, and judgment is entered for the defendants upon the complaint, the defendants to recover their costs of suit.

---

**5.** The statement correctly discloses the relationship between Lakis and Ford Credit. That fact aptly suggests one pertinent query. Had Ford Credit been identified as a creditor as well as an assignee upon the face of that form, or had Ford Credit separately disclosed itself to be a creditor, would we now be faced with the contention that the position of Ford Credit was ambiguously disclosed, or the contention, in the event of separate disclosures, that the disclosures were inconsistent or not made on the face of one document? Of course, that query cannot be answered, but it is deemed to epitomize the pitfalls inherent in the Act and Regulation. The door is wide open to litigation which would sacrifice the substance of the Act to form, and which would tend to cloud the necessary distinction between the two concepts. Perhaps the most salient example, from this court's point of view, is *Bird, supra,* n. 4, in which this court, in the context of that file, failed to recognize that critical distinction as a factor.