Bruce CONGER and Lucille
Conger, Plaintiffs,

v.

FURNITURE FREIGHT SALES and
General Finance Corporation,
Defendants.

No. 78–1079.

United States District Court,
S. D. Illinois, N. D.

June 8, 1978.

Barry M. Barash, Galesburg, Ill., for plaintiffs.

Barney Olson, II, Galesburg, Ill., for defendants.

## DECISION AND ORDER

ROBERT D. MORGAN, Chief Judge.

This cause is before the court upon cross-motions for summary judgment. There being no genuine issue as to any material fact, summary judgment is proper.

The complaint alleges that the Truth in Lending Act was violated in conjunction with an installment sale to the plaintiffs because General Finance Corporation was not clearly identified as a creditor in the TILA disclosures made.

Plaintiffs' motion relies upon this court's decision in *Bird v. Goddards Discount Furniture,* 443 F.Supp. 422, 1978. A comparison of the two files discloses that the disclosure statement herein is identical to that in *Bird.*

This court has had an occasion very recently to consider a like disclosure statement in *Sharp v. Ford Motor Credit Company,* No. 77–1098, 452 F.Supp. 465 decided June 8, 1978.[1] Upon consideration of the decisions by other courts and the requisite statutory provisions, it was there determined that *Bird* had been erroneously decided, and that decision was overruled as a precedent in this court.

It clearly appears that General Finance was identified upon the face of the disclosure statement here as the assignee of the installment contract. Whether it is to be deemed a creditor within the intendment of the Act or not, there was no violation of TILA. *Sharp v. Ford Motor Credit Company, supra.*

Plaintiffs' motion for summary judgment must be denied. Summary judgment is entered for the defendants upon the complaint, the defendants to recover their costs of suit.

1. *Haskins v. American Buyers Club, Inc.,* 77 F.R.D. 715 No. 77–1110, January 26, 1978, should also be noted. In that decision this court denied motions by the defendants to dismiss a TILA complaint, the court saying that the cause presented an issue whether Bushnell Finance Company was a creditor within the intendment of the Act. To the extent that that statement is inconsistent with *Sharp v. Ford Motor Credit Company, Haskins,* too, is overruled and disavowed as a precedent in this court.