**Calvin C. GREEN, et al., Plaintiffs,**

v.

**David WILLIAMS, et al., Defendants.**

**No. CIV-4-78-34.**

United States District Court,
E. D. Tennessee,
Winchester Division.

Sept. 4, 1980.

On Motion for Class Action Determination
Dec. 17, 1980.

On Motion for Continuance May 18, 1981.

Avon N. Williams, Jr. and Richard H. Dinkins, Nashville, Tenn., for plaintiffs.

Rondal T. Wilson, Fred B. Hunt, Jr., John C. Shofner, Jack M. Irion, and William S. Russell, Shelbyville, Tenn., for defendants.

## MEMORANDUM TO COUNSEL

NEESE, District Judge.

This Court, for nigh on to 20 years, has utilized Rule 16(6), Federal Rules of Civil Procedure, as a device to assign civil actions for trial. These assignments for trial are particularly important in this the Winchester Division, where no personnel of the Court is assigned permanently and all personnel of the Court are in travel-status at government expense while herein. It is important also in the sincere effort of this Court to avoid conflicts in schedule with the courts of the state of Tennessee in this area. Accordingly, in the notice of the pretrial conference, counsel are provided with a copy of the form of the probable resulting pretrial order, reflecting clearly that the date(s) for trial will be assigned at the pretrial conference. It is elemental that

counsel must come to pretrial conferences prepared to agree upon nonconflicting dates to be assigned for trial.

This action was pretried on June 4, 1980, at which time trial was assigned for an estimated 15 days, commencing December 3, 1980, with the acquiescence of all counsel present. About 2 weeks afterward, counsel for the plaintiffs moved the Court for a continuance until after December 18, 1980 of the time for commencement of trial. It was stated therein that the "pocket diary" of counsel for the plaintiffs at the pretrial conference herein did not "reflect" a state civil action estimated to require 3 days commencing December 9, 1980 and another state civil action estimated to require 3 additional days commencing December 15, 1980. No formal action was taken on that motion; rather, the pretrial order herein, including therein the originally established trial dates, was filed July 1, 1980, and the clerk of this Court was requested to advise counsel for the plaintiffs to take the initiative and agree with all other counsel of record on new dates to be assigned for the trial and advise the clerk to ascertain if the Court has such dates available. The clerk was requested to point out to moving counsel that this action's age is now nearly 2 years, and that the new trial dates should be assigned with expedition. Counsel for the plaintiffs filed on July 10, 1980, the date of the clerk's direction, an exception to the said pretrial order of July 1, 1980 so as to alter the dates assigned for the trial herein. The exception was returned to such counsel; and therewith the clerk reiterated the Court's direction to counsel for the plaintiffs by letter of August 7, 1980.

The undersigned presiding judge of this Court is unaccustomed to such lack of cooperation by counsel and grows impatient in the premises. As of this time, the trial herein is assigned to commence at 12:30

o'clock, p. m., December 3, 1980, and will begin at that time unless there are further orders of the Court to the contrary. However, it is the continuing great desire of the undersigned to defer to the trial-assignments of the Circuit Court of Williamson County, Tennessee, if, as counsel for the plaintiffs claims, that Court assigned its civil actions for trial before the assignment herein. This Court will so defer upon the proper attention to this matter of counsel for the plaintiffs, who caused the overlap by coming unprepared to the pretrial conference herein.

## ON MOTION FOR CLASS ACTION DETERMINATION

■ This is an action for damages and injunctive and declaratory relief for the deprivation of civil rights. 28 U.S.C. §§ 1331(a), 1343(3), (4). The plaintiffs, who seek to maintain their claim under count II of the complaint as a class-action, moved the Court for such a determination.[1] It appearing practicable for the Court now to make such a determination, the Court does so. Rule 23(c)(1), Federal Rules of Civil Procedure.

In such count II the plaintiffs, who are black citizens of Bedford County, Tennessee, claim that the defendant sheriff and his predecessors have engaged in a pattern and practice of abuse and brutality against black residents of such county and have made illegal searches, seizures and invasions of the homes of that class of persons, and that the defendants Bedford County, its Quarterly County Court and its county judge Ms. Orr ratified and condoned such conduct by its sheriffs.

The plaintiffs claim further " * * * that they are proper representatives of a class consisting of all black residents of [such county] who may be subjected to the same conduct of the defendants as they were

---

1. Of course, the Court has an obligation to determine on its own initiative whether this action will be maintained as a class-action. *Garrett v. City of Hamtramck*, C.A. 6th (1974), 503 F.2d 1236, 1243[1]. Nevertheless, the prudent plaintiff will file a motion seeking a class-action determination, since any failure to so do

" * * * surely bears strongly on the adequacy of the representation that those class members might expect to receive. * * * " *East Texas Motor Freight v. Rodriguez* (1977), 431 U.S. 395, 405, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453, 463.

* * *." Under this count, the plaintiffs seek no damages,[2] instead, requesting " * * * a judgment declaring that their civil rights were thus violated, an injunction enjoining the defendants from violating their civil rights, and a reasonable attorney's fee." II(a) of pretrial order herein of July 1, 1980.[3]

▪ The burden is on the plaintiffs, seeking to utilize the class-action device, to establish their right so to do. *Senter v. General Motors Corp.*, C.A. 6th (1976), 532 F.2d 511, 522[22], certiorari denied (1976), 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150. An action is not maintainable as a class-action merely because it is designated as such in the pleadings; the mere repetition of the pertinent language of Rule 23, Federal Rules of Civil Procedure, is not sufficient. *Weathers v. Peters Realty Corporation*, C.A. 6th (1974), 499 F.2d 1197, 1200[4, 5].

Furthermore, while actions such as this, involving claims of conduct taken against persons on account of their race " * * * are often by their very nature class suits, involving classwide wrongs * * *," careful attention to the requirements of Rule 23, *supra*, " * * * remains nonetheless indispensable. * * *" *East Texas Motor Freight v. Rodriguez, supra*, 431 U.S. at 405, 97 S.Ct. at 1897, 52 L.Ed.2d at 463[5]. Under that rule, as a preliminary matter, the plaintiffs must satisfy each of the 4 prerequisites of Rule 23(a), Federal Rules of Civil Procedure, and demonstrate in addition that the action falls within one of the subcategories of Rule 23(b), Federal Rules of Civil Procedure. *Eisen v. Carlisle & Jacquelin* (1974), 417 U.S. 156, 163, 94 S.Ct. 2140, 2145, 40 L.Ed.2d 732, 740; *Senter v. General Motors Corp., supra*. The Court assumes, but does not decide, that the plaintiffs have satisfied those 4 prerequisites; even so, however, this action is not appropriate for certification as a class-action.

▪ The plaintiffs seek class-certification of this action only under subsection (2) of section (b) of Rule 23, *supra*. That provision permits an action to be maintained as a class-action if the prerequisites of Rule 23(a), *supra*, are met, and if, in addition, the defendants have " * * * acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole * * *." The rule in this circuit seems to be well-settled that certification of an action as a class-action under Rule 23(b)(2), *supra*, is inappropriate where the injunctive and declaratory relief sought, to the extent granted, would automatically accrue to the benefit of the class members. *Craft v. Memphis Light, Gas and Water Division*, C.A. 6th (1976), 534 F.2d 684, 686[1], affirmed on other grounds (1978), 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30; *Augusta v. Marshall Motor Co.*, D.C.Ohio (1977), 453 F.Supp. 912, 917[3]; *Drumright v. Padzieski*, D.C.Mich. (1977), 436 F.Supp. 310, 324–325[22]; *Smith v. Edmiston*, D.C.Tenn. (1977), 431 F.Supp. 941, 943[1]; *see Greene v. City of Memphis*, C.A. 6th (1976), 535 F.2d 976, 978, n. 2; *Cockerel v. Caldwell*, D.C.Ky. (1974), 378 F.Supp. 491, 494[6] (3-judge court); and *Holt v. Brown*, D.C.Ky. (1971), 336 F.Supp. 2, 6[6] (3-judge court).[4] This action presents such a situation.

▪ If the plaintiffs are successful under count II of their complaint in establishing that the defendants have engaged in a pattern and practice of depriving them of their federal constitutional rights, then this Court will so declare. Furthermore, in that

---

2. Under count I of the complaint herein, which count the plaintiffs do not seek to maintain as a class-action, they seek compensatory and punitive damages for the deprivation of their federally-protected civil rights.

3. By its terms, the pretrial order, X(b), supplants the pleadings and governs the future course of this action. *See United States v. Hougham* (1960), 364 U.S. 310, 315, 81 S.Ct. 13, 17, 5 L.Ed.2d 8, 14 (headnote 4), rehearing denied (1960), 364 U.S. 938, 81 S.Ct. 376, 5 L.Ed.2d 372.

4. For an exhaustive list of decisions from other circuits following this approach, *see Craft v. Memphis Light, Gas and Water Division, supra*, and *Gray v. International Broth. of Elec. Workers*, D.C.D.C. (1977), 73 F.R.D. 638, 640–641, notes 5, 6 and 7.

event, the Court will grant the plaintiffs injunctive relief, prohibiting any further such conduct by the defendants.

Any such declaratory and injunctive relief granted the plaintiffs would inure automatically to the benefit of the members of their putative class since, by definition, those persons must have possessed the same interest and suffered the same injury as the plaintiffs, *East Texas Motor Freight v. Rodriguez, supra,* 431 U.S. at 403, 97 S.Ct. at 1896, 52 L.Ed.2d at 462[2]. Under those circumstances, then, " * * * '[n]o useful purpose would be served by permitting this case to proceed' * * * " as a class-action, *Craft v. Memphis Light, Gas and Water Division, supra,* quoting from *Ihrke v. Northern States Power Co.,* C.A. 8th (1972), 459 F.2d 566, 572, vacated and remanded to dismiss as moot (1972), 409 U.S. 815, 93 S.Ct. 66, 34 L.Ed.2d 72, and for this case to proceed as a class-action " * * * would be unnecessary, inappropriate and unduly burdensome. * * * " *Gray v. International Brotherhood of Electrical Workers, supra,* 73 F.R.D. at 640.

Stated aptly another way:

* * * the very nature of the rights [the plaintiffs] seek to vindicate requires that the decree run to the benefit not only of the named plaintiffs but also for all persons similarly situated. For racial discrimination is by definition class discrimination. Even with the denial of class action status, the requested injunctive and declaratory relief will benefit not only the individual [plaintiffs] * * * but all other persons subject to the practice under attack. * * * [Citations omitted.]

*United Farm. of Fla. H. Proj., Inc. v. City of Delray Beach,* C.A. 5th (1974), 493 F.2d 799, 812[10], cited in *Craft v. Memphis Light, Gas and Water Division, supra.* Therefore, whether this action proceeds on an individual basis or as a class-action, " * * * the requested relief generally will benefit not only the claimant[s] but all other persons subject to the practice * * * under attack. * * * " 7 Wright & Miller, Federal Practice and Procedure: Civil 663–664, § 1771.

The Court is mindful that Rule 23(b)(2), *supra,* was intended to function as an effective vehicle for the bringing of suits alleging racial discrimination. Advisory Committee Note to 1966 amendment to Rule 23, reprinted at 39 F.R.D. 98, 102. However, in this particular instance, any determination that a practice of the defendants " * * * infringes upon protected liberties and therefore is invalid will prevent its application against anyone, not simply the part[ies] before the court. * * * " Wright & Miller, *supra* at 664.

The Court, in its discretion, *Ott v. Speedwriting Publishing Company,* C.A. 6th (1975), 518 F.2d 1143, 1150–1151[6], hereby

DETERMINES that this action shall not be maintained as a class-action, and it hereby is so ORDERED. Rule 23(a)(1), Federal Rules of Civil Procedure.

ON MOTION FOR CONTINUANCE

■ This action was commenced well over 2½ years ago. The Court has done all it can do reasonably to accommodate the schedule of counsel for the plaintiff. *See* memorandum to counsel herein of September 4, 1980. Counsel agreed to the present trial-date many months ago, and trial was assigned by the Court on September 19, 1980. Allowing this rather ancient piece of litigation to drag-on would serve no useful purpose; if its past history is any indication, this action would never come to trial.

The motion of the plaintiffs for a continuance of the trial hereby is DENIED. However, the Court will attempt to make some arrangement whereby counsel for the plaintiffs will be able to attend the graduation of his son from college.