**William W. HASKINS and Kay Haskins, Plaintiffs,**

v.

**AMERICAN BUYERS CLUB, INC. and Bushnell Finance Company, a corporation, Defendants.**

**No. 77–1110.**

United States District Court, S. D. Illinois, N. D.

Jan. 26, 1978.

**716**

Barry M. Barash, Barash & Stoerzbach, Galesburg, Ill., for plaintiffs.

Wayne L. Hanold, Robert L. Burhans, Peoria, Ill., Gary A. Weintraub and Alan H. Garfield, Chicago, Ill., Robert V. Dewey, Jr., Peoria, Ill., for defendants.

## DECISION AND ORDER

ROBERT D. MORGAN, Chief Judge.

On October 16, 1976, plaintiffs entered into a contract with defendant American Buyers Club, Inc., whereby, for a stated consideration, they became members of American, which membership entitled them to the benefits and privileges therein delineated. The total stated cost of membership was $495.50. Pursuant to that agreement, they paid a downpayment in the amount of $39.50, and agreed to pay the balance, in the aggregate amount of $456, in 24 equal monthly installments of $19 each. A tabular disclosure upon the contract form shows a cash price of $495.50, an unpaid balance of $456, and a deferred payment price of $495.50. It states both the "Finance Charge" and the "Annual Percentage Rate" as "None." That contract was subsequently assigned by American to defendant Bushnell Finance Company.

The theory of complaint herein is that the transaction was, in fact, a credit transaction, that both American and Bushnell are creditors within the meaning and intendment of the Truth in Lending Act, 15 U.S.C. § 1601, et seq., and Regulation Z in implementation thereof, 12 C.F.R., Part 226, and that the discount figure on the assignment must be construed to be a finance charge payable by the plaintiff within the meaning of 12 C.F.R. § 226.4(a).

The complaint alleges that the Act was violated in the transaction for the reasons that the name of Bushnell as a creditor is not disclosed, the finance charge (i. e., the discount figure) is not disclosed, and the annual percentage rate, i. e., the percentage figure which application of the discount figure to the unpaid cash balance would yield, is not disclosed. 12 C.F.R. § 226.8(a), (b)(2), (c)(8)(i).

The complaint further alleges that American regularly and systematically did assign all installment contracts with its members to Bushnell or other finance companies.

The cause is before the court upon separate motions by the defendants to dismiss the complaint.

To the extent that the motion by American attacks the substantive allegations of the complaint as failing to state a cause of action, the motion must be denied. That aspect of the motion rests upon statements by American that it is not a creditor within the intendment of the Act and the Regulation, and that it does not impose a finance charge, either directly or indirectly, upon its customers incidental to the privilege of installment payment. It therefore asserts that it was not required to make the disclosures which the statute requires, or, alternatively, if the statute does apply in the premises, it has correctly stated the finance charge and annual percentage rate as being "none." In this context it also

asserts that the charge stated in the contract with plaintiffs "constituted a charge for membership in a plan similar to that described in 12 C.F.R. § 226.407," and no part thereof constituted a finance charge.

To the extent that the motion of Bushnell rests upon its assertion that it is not a creditor within the meaning of the Act, its motion must also be denied. The complaint herein adequately presents two issues, namely, whether the facts alleged do reflect a credit transaction with the concomitant duty upon the defendants, or either of them, to disclose the existence and amount of a finance charge, and whether the disclosures must have revealed the name of Bushnell as a creditor.

■ A unitary price sale, upon which payment is to be made in installments, may, in fact, be a credit transaction which is subject to the Truth in Lending Act. *Mourning v. Family Publications Service, Inc.,* 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973), sustained the four-installment provision of Regulation Z as a valid exercise of power by the Board and, upon the record in that case, affirmed a judgment that the particular transaction involved was a credit transaction and thus subject to the Act.

The decision most closely in point upon this question is *Kriger v. European Health Spa, Inc. of Milwaukee, Wis.,* 363 F.Supp. 334 (E.D.Wis., 1973). Spa sold memberships for a stated unitary price, whether the sale was for cash or on an installment basis. Pursuant to a preexisting agreement, all installment contracts were discounted, at an agreed discount rate, to a Milwaukee bank. The court had before it cross motions for summary judgment, with a complete stipulation of material facts. The court found, upon the facts there stipulated, that the unitary pricing arrangement was, in fact, a series of credit transactions with the costs for extended credit concealed, *ibid* at 336–337, and that Spa merely acted as a conduit for credit extended by the bank, which remained a hidden creditor. *Id.* at 335–336.

*Garza v. Chicago Health Clubs, Inc.,* 347 F.Supp. 955 (N.D.Ill.1972), arose on motions by defendant finance companies for a summary judgment, that they were not creditors within the intendment of the Act. Those motions were denied, the court saying that there was a genuine issue as to the material fact whether the Clubs were, in fact, merely a conduit between the purchaser and the finance companies as hidden creditors. *Ibid.* at 963–964.

Similar decisions are reported in several recent cases, holding that a finance company which regularly and systematically discounts consumer paper may thereby become a creditor within the meaning of the Act. *E. g., Joseph v. Norman's Health Club, Inc.,* 532 F.2d 86, 92 (8th Cir. 1976); *Grey v. European Health Spas, Inc.,* 428 F.Supp. 841 (D.Conn.1977); *Cenance v. Bohn Ford, Inc.,* 430 F.Supp. 1064 (E.D.La.1977).

The reported decisions rest upon a correct principle that the Act may not be negated by a statement of a unitary price when it appears that the unitary price was used as a device to conceal the fact of a finance charge or to conceal the identity of a hidden creditor. Each transaction must be factually evaluated in the light of all relevant evidence, to determine whether that particular transaction constituted a violation of the Act. Prejudgment of any issue in suit should not be presumed from the reference herein to *Kriger* and related decisions. The complaint is adequate to present the issues. The bases stated for the defendants' motions to dismiss would be properly raised by answer, or defense, to the complaint.

The complaint, however, must be dismissed as to plaintiff William W. Haskins. The complaint was filed on September 14, 1977. On September 15, 1977, the said plaintiff filed in this court his voluntary petition in bankruptcy and was adjudged a bankrupt. Defendants move to dismiss the complaint under Rule 19 of the Federal Rules of Civil Procedure because of the non-joinder of an essential party, asserting that the trustee or receiver in bankruptcy must be joined as a party plaintiff.

■ In its recent decision in *Murphy v. Household Finance Corporation,* 560 F.2d 206 (6th Cir. 1977), the court held that a

cause of action for a violation of the Truth in Lending Act passes to the trustee in bankruptcy as an asset of the bankrupt's estate under Section 70a of the Bankruptcy Act. 11 U.S.C. 110(a). The reasoning of the court is deemed sound. Upon the adjudication of his bankruptcy, the cause of action on behalf of William W. Haskins became an asset of his estate. The receiver or trustee of that estate became a necessary party.

The defendants pray dismissal as to plaintiff Kay Haskins upon the same ground, yet they neglect to indicate in what manner her legal rights are affected by the bankruptcy of her co-plaintiff. The Act creates a right of recovery for failure of compliance in favor of each person to whom such noncompliance extends. Therefore, this aspect of the motion must be denied as to plaintiff Kay Haskins.

The complaint also rests upon allegations that the premises violated the Illinois Retail Installment Sales Act, Ill.Rev.Stat.1975, ch. 121½, § 505(16), and the Illinois Consumer Fraud Act, Ill.Rev.Stat.1975, ch. 121½, § 262.[1] Those allegations are challenged by the pending motions on jurisdictional grounds.

Principally, the defendants confine their argument in this respect to the position that the federal complaint must be dismissed, and there is not, therefore, any basis upon which the court may entertain pendant jurisdiction over the State causes of action. That position is not well founded and this aspect of the motion will also be denied, but that denial is without prejudice to the rights of the parties to present the

question whether or not pendant jurisdiction should be exercised in this cause.

IT IS ORDERED, therefore, that the motions to dismiss the complaint are ALLOWED as to plaintiff William W. Haskins.

IT IS FURTHER ORDERED that such motions are DENIED as to the plaintiff Kay Haskins. The defendants may answer or otherwise further plead to the complaint within twenty (20) days.