Guy R. PURSER, Plaintiff,

v.

BILL CAMPBELL PORSCHE AUDI, INC., a Florida Corporation, Defendant Third-Party Plaintiff,

v.

Robert H. CONN, Third Party Defendant.

No. PCA 76–141.

United States District Court, N. D. Florida, Pensacola Division.

May 20, 1977.

Geoffrey B. Dobson, St. Augustine, Fla., for plaintiff.

G. Miles Davis, Beggs & Lane, Pensacola, Fla., for defendant third-party plaintiff.

John P. Welch, J. McHenry Jones, P. A., Pensacola, Fla., for third party defendant.

## MEMORANDUM DECISION

ARNOW, Chief Judge.

Before the court are the motions of both plaintiff and defendant for partial summary judgment on one of the claims asserted by the plaintiff. Plaintiff claims that misrepresentations by defendant regarding the model and body type of a vehicle purchased by plaintiff constitute a violation of Subchapter IV of the Vehicle Information and Cost Savings Act of 1972, 15 U.S.C. § 1981, *et seq.* Jurisdiction is vested in this court under Section 1989 of the Act.

On the record before the court, defendant, Bill Campbell Porsche Audi, Inc., is an automobile dealer selling new and used automobiles. In that capacity, defendant sold a Porsche automobile to the plaintiff. Both orally and on the Disclosure Form-Odometer Mileage Statement required by 15 U.S.C. § 1988 and 49 C.F.R. § 580.6, the defendant represented that the vehicle was a 1969 model Porsche with a 911S body type. The vehicle, in fact, was a 1967 model Porsche, body type 912, into which a 1969 Porsche 911S engine had been placed. The record does establish that the model and body type of the vehicle sold to plaintiff were misrepresented by the defendant. The question before the court is whether such misrepresentations constitute a violation of 15 U.S.C. § 1988 and the regulations promulgated thereunder, 49 C.F.R. 580.1, *et seq.,* so that plaintiff has a claim under 15 U.S.C. § 1989. The court concludes they do not, and defendant's motion for partial summary judgment respecting that issue will be granted.

Section 1988(b) provides that "[n]o transferor shall violate any rule prescribed under this section or give a false statement to a transferee in making any disclosure required by such rule."

The regulations promulgated pursuant to the Act are set forth at 49 C.F.R. § 580.1, *et seq.* Section 580.4(a)(4), requires disclosure of the identity of the vehicle, including its make, model and body type, and the disclosure form set forth in Regulation 49 C.F.R. 580.6 provides space for such information.

Plaintiff contends that the misrepresentation of the model and body type of the Porsche is contrary to the regulations and therefore violates 15 U.S.C. § 1988(b).

A comprehensive review of the statutory scheme, the regulations and the legislative history of 15 U.S.C. § 1981, *et seq.,* however, dictates a contrary conclusion. The court concludes only violations of the odometer requirements give rise to a claim under 15 U.S.C. § 1989.

Section 1981 of Title 15 sets forth the Congressional purpose of the subchapter. That section, in pertinent part, states as follows:

> It is therefore the purpose of this subchapter to prohibit tampering with odometers on motor vehicles and to establish certain safeguards for the protection of purchasers with respect to the sale of motor vehicles having altered or reset odometers.

Section 1988, the section relied upon by plaintiff, directs the Secretary to promulgate rules requiring disclosure (1) of cumulative mileage registered on vehicle odometers, and (2) that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.

The statutes require no further disclosures and evince no intention by Congress to extend civil liability into any other area.

The regulations likewise evidence the limited scope of the Act. The regulations state that the scope of the regulations is to require written disclosure of odometer mileage and that the purpose of the regulations is to provide purchasers with odometer information to assist in determining the vehicle's condition. *See* 49 C.F.R. §§ 580.1 and 580.2

The required Disclosure Form set forth in Regulation § 580.6 is labeled an "Odometer Mileage Statement" and states as follows:

> Federal regulations require you to state the odometer mileage upon transfer of ownership. An inaccurate statement may make you liable for damages to your

transferee pursuant to section 409(a) of the Motor Vehicle Information and Cost Savings Act of 1972. (15 U.S.C.A. § 1989.).

The conclusion reached is that the Act and the regulations were intended to address a single problem—odometer violations. A thorough review of the legislative history of the Act fortifies that conclusion. See 1972 U.S.Code Cong. and Adm.News at p. 3960.

No case has been cited, nor has the court found any case, imposing civil liability under 15 U.S.C. § 1989 for violations unrelated to odometer requirements.

Plaintiff contends that 49 C.F.R. § 580.4 clearly prescribes disclosure of the model and body type of the vehicle and that 15 U.S.C. § 1988(b) establishes a violation of the Act whenever a false statement of the required information is provided a transferee. Plaintiff, therefore, contends that the only inquiry is whether the regulation, 49 C.F.R. § 580.4, is within the authority delegated to the Administrative Agency under the Act. Plaintiff cites general cases regarding the authority of administrative agencies and the deference to be afforded regulations promulgated by such an agency pursuant to an enabling Act of Congress. See Thorpe v. Housing Authority, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1968); State of Florida v. Mathews, 526 F.2d 319 (5th Cir. 1976).

Even if the regulations were intended to impose civil liability for false disclosures of model and body type, they would be beyond the scope of the Act. The cases cited by the plaintiff regarding the deference to be accorded the regulations of the agency charged with the administration of the Act are inapposite. Section 1988 of Title 15 narrowly directs the Secretary to prescribe rules requiring the disclosure of odometer data. There is no broad delegation of authority to make such rules and regulations as may be necessary to carry out the provisions of the Act as was true in the cases cited by plaintiff.

The court has determined, however, that the regulations dictate no such intent. The

disclosures unrelated to odometer requirements required by the regulations serve to identify the vehicle made the subject of the odometer disclosures; they are not intended to expand the statutory scheme nor could they do so.

For the reasons set forth herein, defendant's motion for partial summary judgment as to this issue will be granted, and the plaintiff's motion will be denied.