**Gerald TINKER, Plaintiff–Appellant,**

v.

**DeMARIA PORSCHE–AUDI, INC. and Central National Bank of Miami, Defendants–Appellees.**

**No. 79–2040.**

United States Court of Appeals, Fifth Circuit. Unit B

Dec. 10, 1980.

William P. Cagney, III, Martin L. Roth, Miami, Fla., for plaintiff–appellant.

Shalle Fine, Miami, Fla., for DeMaria Porsche–Audi, Inc.

William Ingraham, Bert Sapurstein, Miami, Fla., for Central Nat. Bank.

522

Before HILL, KRAVITCH and HATCH-ETT, Circuit Judges.

KRAVITCH, Circuit Judge.

This appeal arises from appellant Gerald Tinker's purchase of a used automobile from appellee DeMaria Porsche–Audi, Inc., financed by appellee Central National Bank. After purchase, Tinker discovered that the car was the amalgamation of two other vehicles. He sued, claiming violations of the Motor Vehicle Information and Cost Savings Act [hereafter, the Act] and various state common law and statutory violations. The court below dismissed Tinker's federal statutory claims for failure to state a cause of action and the state claims as not arising from a common nucleus of operative fact. Tinker appeals with respect to appellee DeMaria Porsche–Audi only.

■ Tinker's most vigorous claim is that DeMaria violated 15 U.S.C. § 1988 regarding odometer and mileage disclosure. That section requires:

1) Disclosure of the cumulative mileage registered on the odometer.

2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.

DeMaria's form reversed this order, stating that actual mileage was unknown and that the cumulative mileage registered on the odometer was 39,266. Tinker claims that this reversal was "confusing" and "meaningless," and thus violated § 1988. He also claims that DeMaria should have stated that actual mileage was approximately 41,-000, as the last transferor had indicated upon selling the car to DeMaria. We find no merit in these contentions. The order of disclosures does not affect their lucidity: DeMaria's meaning regarding the vehicle's mileage was clear. Nor does the statute require DeMaria to go beyond the disclo-

sures he made—recorded mileage and actual mileage unknown—to state his beliefs regarding the car's actual mileage, so long as his silence does not stem from an intent to defraud.[1]

■ In this case, such fraudulent intent is not present: the difference between 41,-000 and 39,266 miles is negligible. A buyer given the information Tinker was provided would be likely to conclude that actual mileage was greater than the 39,266 miles shown. We do not have before us the case in which a dealer states actual mileage is unknown and gives the odometer reading without saying more, knowing that actual mileage is 100,000 miles greater than that shown. (See Ryan v. Edwards, 592 F.2d 756 (4th Cir. 1979).) Although DeMaria would have provided fuller disclosure by adding "actual mileage approximately 41,000," such statement was neither required by the Act nor misleading in its absence. We hold therefore that DeMaria's mileage disclosures did not violate the Act and that dismissal was proper with respect to these allegations.

■ Tinker's remaining federal claim is that DeMaria violated the Act by failing to disclose the vehicle's last license plate number. The license plate disclosure requirement explicitly appears within 49 C.F.R. § 580.4(a)(4) and implicitly within 49 C.F.R. § 580.4(d).[2] These are regulations promulgated by the Secretary of Transportation pursuant to his authority under 15 U.S.C. § 1988:

The Secretary shall proscribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:

1) Disclosure of the cumulative mileage registered on the odometer.

2) Disclosure that the actual mileage is unknown, if the odometer reading is

1. Under 15 U.S.C. § 1989 civil liability cannot be imposed without showing the transferor's intent to defraud. Nieto v. Pence, 578 F.2d 640 (5th Cir. 1978).

2. Section 580.4(d) requires the transferor to use the disclosure form provided under § 580.6 where no state document exists for that purpose. None does under Florida law. The form shown by § 580.6 provides a space in which the last license plate number is to be placed.

known to the transferor to be different from the number of miles the vehicle has actually traveled.

Both parties agree that appellee DeMaria failed to provide the last license plate number as the regulations require. DeMaria argues, however, that violations of the regulations do not give rise to civil liability—that the Secretary has no power to promulgate rules other than those regarding mileage disclosure. Alternatively, he argues that, if the regulations have validity, they require only that the transferor disclose information he has, not information publicly available. In *Purser v. Campbell Porsche–Audi*, 431 F.Supp. 1235 (N.D.Fla.1977), the district court agreed with appellee's primary contentions. The court found that "the regulations were intended to address a single problem—odometer violations," 431 F.Supp. at 1237, and that 49 C.F.R. § 580.-4(a)(4), requiring disclosures regarding the identity of the vehicle, did not fall within those bounds. Hence, it held that plaintiff's allegations of the transferor's failure to disclose the vehicle's last license plate number did not give rise to a claim under 15 U.S.C. § 1989. However, other courts have reached the opposite conclusion. *See, Clayton v. McCary*, 426 F.Supp. 248 (N.D.Ohio 1976). We do not decide this issue because we conclude that as to this omission appellant failed to allege intent to defraud, necessary before any violation of the Act gives rise to civil liability under 15 U.S.C. § 1989. *Nieto v. Pence*, 578 F.2d 640 (5th Cir. 1978).

Tinker alleged that the Jaguar he purchased from DeMaria had been constructed from two other vehicles, one of which had been in a major collision. He did not allege, however, that DeMaria either knew of these facts or was responsible for the vehicle's reconstruction. There is no allegation that DeMaria intended to defraud nor can we infer such intent from Tinker's allegations. We will permit liberal amendments of a plaintiff's complaint where it appears that by amending, the plaintiff will be able to state a claim. *Lone Star Motor Imports,*

*Inc. v. Citroen Cars Corp.*, 288 F.2d 69 (5th Cir. 1961). However, the court below correctly concluded that Tinker would not be able to allege that DeMaria's failure to provide the vehicle's last license plate number was based upon an intent to defraud.[3] It is noteworthy in this regard that the information in question was publicly available.

Once the district court properly dismissed Tinker's federal claims, its exercise of pendent jurisdiction over Tinker's state claims lay within the court's discretion. *In Re Carter*, 618 F.2d 1093 (5th Cir. 1980). In exercising that discretion, some of the factors the district court should consider are "whether the federal claims were dismissed before trial, whether the state claims predominate, whether the state claims are closely tied to questions of federal policy, and whether the jury is likely to be confused by the treatment of divergent legal theories of relief." *Id.* at 1104–05. Applying those factors to the instant case, we conclude that the district court's refusal of pendent jurisdiction over Tinker's state claims was not an abuse of discretion. As we noted in *United States ex rel. Glynn v. Capeletti Brothers, Inc.*, 621 F.2d 1309, 1317–18 (5th Cir. 1980), "a district court has wide discretion to refuse to hear a pendent claim. '[I]f the federal claims are dismissed before trial, even though not in substantially a jurisdictional sense, the state claim should be dismissed as well.'" (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966)).

Accordingly, we AFFIRM.

---

**3.** We are of the opinion, however, that the judge below should have exercised greater restraint in his courtroom remarks; the judge's beliefs as to the merits of the Act are irrelevant.