**Francis T. MICHAEL and Catherine R. Michael, Plaintiffs,**

v.

**FERRIS AUTO SALES, Defendant.**

Civ. A. No. 85–600 MMS.

United States District Court, D. Delaware.

Jan. 9, 1987.

Henry A. Heiman, Wilmington, Del., for plaintiffs.

Mark D. Sisk, of Hughes & Sisk, Wilmington, Del., for defendant.

OPINION

MURRAY M. SCHWARTZ, Chief Judge.

The issue before the Court is whether the mileage disclosure requirements of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1988, are violated when a motor vehicle whose original engine has been replaced with an older engine is transferred without disclosure by the transferor that the odometer reading is "different from the number of miles the vehicle has actually traveled." *Id.* For the reasons discussed below, I hold as a matter of law that the Act is not applicable in such circumstances. Defendant's motion for summary judgment, which also encompasses dismissal of plaintiffs' pendent state law claims, will therefore be granted.

## I. FACTS

The facts necessary for the disposition of defendant's motion for summary judgment are not disputed. On August 14, 1984, plaintiffs Francis T. Michael and Catherine P. Michael purchased a used 1980 Subaru Brat from defendant Ferris Auto Sales. Ferris completed a written "Odometer Mileage Statement" giving the current odometer reading of 50,902 miles. Ferris also certified on the statement that the odometer reading reflected the actual mileage of the vehicle and that the odometer

had not been altered, set back, or disconnected while in Ferris' possession.[1]

Although no odometer tampering had occurred while the vehicle was in Ferris' possession, during that time Ferris did have the original engine replaced with an older, 1979 engine. Plaintiffs did not become aware of this fact until some months after purchasing the vehicle. In their complaint, plaintiffs allege that Ferris violated the federal mileage disclosure requirements, 15 U.S.C. § 1988; 49 C.F.R. §§ 580.1–580.7, and that Ferris is liable for common law fraud for failing to disclose that the original engine had been replaced.

## II. DISCUSSION

Title IV of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1981–1991, was enacted to prohibit odometer tampering and to protect the purchasers of vehicles with altered or reset odometers.[2] The introductory section of the statute states:

> The Congress hereby finds that purchasers, when buying motor vehicles, rely heavily on the odometer reading as an index of the condition and value of such vehicle; that purchasers are entitled to rely on the odometer reading as an accurate reflection of the mileage actually traveled by the vehicle; that an accurate indication of the mileage traveled by a motor vehicle assists the purchaser in determining its safety and reliability; and that motor vehicles move in the current of interstate and foreign commerce or affect such commerce. It is therefore the purpose of this subchapter to prohibit tampering with odometers on motor vehicles and to establish certain safeguards for the protection of purchasers with respect to the sale of motor vehicles having altered or reset odometers.

*Id.* § 1981. To these ends, the statute prohibits the sale or use of devices that cause an odometer to register any mileage other than the true mileage driven, *id.* § 1983, prohibits changing the mileage indicated on an odometer, *id.* § 1984, prohibits the intentional operation of a vehicle with a disconnected or nonfunctioning odometer, *id.* § 1985, and requires a notice to be affixed to any vehicle whose odometer has been repaired or replaced and does not register the same mileage as before, *id.* § 1987.

Section 1988 of the statute directs the Secretary of Transportation to prescribe rules requiring transferors of motor vehicles to disclose in writing "the cumulative mileage registered on the odometer" and "that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled."[3] *Id.* § 1988(a). The section provides that "[n]o transferor shall violate any rule prescribed under this section or give a false statement to a transferee in making any disclosure required by such rule." *Id.* § 1988(b). Persons violating "with intent to defraud" any of the odometer requirements are liable in a civil action for treble damages or for $1,500, whichever is greater. *Id.* § 1989.

Plaintiffs argue that defendant is liable under the federal odometer statute because defendant sold a vehicle whose original engine had been replaced with an older engine without disclosing that the actual mileage of the vehicle was unknown. Essentially, plaintiffs assert that because the engine is the most important component of a vehicle, the number of miles on the engine is "the number of miles the vehicle has actually traveled" within the meaning of section 1988 of the statute. Thus, the statute and the rules promulgated thereunder require the transferor to disclose any dis-

1. Ferris used a statement form identical to the sample described in the Department of Transportation regulations, 49 C.F.R. § 580.6.

2. *See* H.R.Conf.Rep. No. 1476, 92d Cong., 2d Sess., *reprinted in* 1972 U.S. Code Cong. & Admin. News 3983, 3990; S.Rep. No. 413, 92d Cong., 2d Sess., *reprinted in* 1972 U.S. Code Cong. & Admin. News 3960, 3960–62.

3. The regulations promulgated by the Department of Transportation appear at 49 C.F.R. §§ 580.1–580.7.

crepancy between the odometer reading and the number of miles on the engine.

This argument fails in two respects. First, there is no indication in the legislative history of the odometer statute that Congress intended to address any problems other than actual odometer tampering or nondisclosure to purchasers of vehicles whose odometers have been altered or reset. Nondisclosure of the replacement of vehicle components other than the odometer simply does not appear as a federal concern, regardless of the impact of such replacements on the reliability of the odometer reading as an index of a vehicle's condition and value. Second, plaintiffs' interpretation of the statute invites purchasers to take advantage of a federal treble damage remedy whenever a transferor fails to disclose that any one of the many vehicle components that tend to depreciate with mileage has been replaced with an older part. Although the engine is an important part of a motor vehicle,[4] plaintiffs' logic extends as well to the brakes, the tires, and the transmission. Congress surely did not intend, by enacting the odometer statute, to federalize such a large segment of common law fraud.

Although this appears to be an issue of first impression under the federal odometer statute, one case cited by both parties deserves attention. In *Purser v. Bill Campbell Porsche Audi*, 431 F.Supp. 1235 (N.D. Fla.1977), the transferor on the Odometer Mileage Statement represented that the vehicle was a 1969 Porsche 911S. Actually, the vehicle was a 1967 Porsche 912 whose original engine had been replaced with the engine from a 1969 Porsche 911S. The court found no violation of the disclosure requirements of 15 U.S.C. § 1988, concluding that "the Act and the regulations were intended to address a single problem— odometer violations." *Id.* at 1237. Defendant argues that this case establishes that the federal odometer statute applies only where a transferor fails to disclose

that an odometer has been altered or reset. Plaintiffs, on the other hand, argue that the result in *Purser* would have been different if the replacement engine had been older, rather than newer, than the vehicle whose mileage was indicated on the odometer. The Court does not believe that such an implication may fairly be drawn from the *Purser* opinion. The case instead simply holds that a misrepresentation concerning a matter that does not affect the reliability of an odometer reading is not actionable under the federal statute.

Because I believe Congress intended the federal odometer statute to apply only in cases of actual odometer tampering or nondisclosure to purchasers of vehicles with altered or reset odometers, I hold that defendant Ferris cannot be held liable for violating the statute under the facts of this case.

## III. CONCLUSION

Because I hold that the federal odometer statute is inapplicable in this case, I need not address defendant's contention that no genuine issue of material fact exists as to the intent to defraud required by the statute. Defendant's motion for summary judgment will be granted as to plaintiffs' federal claims.

Under the rule of *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966), plaintiffs' pendent state law claims will be dismissed for lack of subject matter jurisdiction.

---

4. Plaintiffs have submitted the affidavits of several auto mechanics and used car salesmen who aver that a vehicle's mileage is most relevant to the condition and value of the engine. Because this motion for summary judgment hinges on a question of Congress' intent, however, these affidavits are irrelevant.