**Jerry BRYANT, Plaintiff,**

v.

**MISSISSIPPI POWER & LIGHT COMPANY, et al., Defendants.**

Civ. A. No. W88–0027(L).

United States District Court, S.D. Mississippi, W.D.

Aug. 8, 1989.

Sim C. Dulaney, Port Gibson, Miss., and James H. Herring, Herring Long & Joiner, Canton, Miss., for plaintiff.

Natie P. Caraway and George H. Ritter, Wise, Carter, Child & Caraway, Jackson, Miss. for all defendants except Capital Sec.

R. Andrew Taggart, Butler Snow O'Mara Stevens & Cannada, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

On July 10, 1989, this court entered its order denying plaintiff Jerry Bryant's motion for partial summary judgment. Upon consideration, the court concludes that the order must be vacated and this cause remanded to the Circuit Court of Claiborne County, Mississippi in which it was originally filed by plaintiff.

In 1987, plaintiff filed suit in the Claiborne County Circuit Court against Mississippi Power & Light Company (MP & L), Capital Security Services, Inc. and other persons employed by MP & L. The suit charged that defendants had illegally detained plaintiff at his place of employment, Grand Gulf Nuclear Power Station, and had falsely accused him of theft of MP & L property, wrongfully terminated his employment and thereafter published false statements in the community accusing him of stealing that property. Defendants removed the case pursuant to 28 U.S.C. § 1446(b) asserting that the complaint contained claims arising under the United States Constitution and/or federal civil rights statutes. The United States Magistrate, in an order dated October 1, 1987, granted plaintiff's motion to remand finding that although certain language in plaintiff's complaint appeared to invoke federal jurisdiction pursuant to 42 U.S.C. § 1983, that language was mere surplusage and the complaint in substance consisted of nothing more than state-law claims against private corporations.

After remand, defendants again removed the case from state court; according to the petition for removal, plaintiff had failed, in response to requests for admissions, to admit that he made no claims arising under either the United States Constitution or any federal civil rights or other federal statutes. On that occasion, the magistrate, in a May 17, 1988 order, denied plaintiff's motion to remand finding that while the complaint seemed substantively deficient, the allegations on the face of the complaint invoked federal question jurisdiction. Plaintiff immediately moved to amend his complaint "to remove from his complaint any language which would indicate that plaintiff claims relief from defendants under the Constitution of the United States or any federal statute." Contemporaneously, plaintiff again requested that the action be remanded to state court. The magistrate granted the motion to amend, and thereby eliminated any arguable federal claim from the case, but he denied the motion for remand. In the name of judicial economy, convenience and fairness, the magistrate elected to retain jurisdiction over plaintiff's state-law claims, citing in support of his authority to do so the recent Supreme

Court decision in *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Because there exists no justification for the exercise of jurisdiction by the court over this purely state-law controversy, the court must remand this case to state court.

■ It is well settled that a federal court has a continuing obligation to examine its jurisdiction at every stage of the litigation. *See Cohill*, 108 S.Ct. at 618. That the plaintiff, for whatever reason, elected not to appeal the magistrate's jurisdictional findings does not relieve the court of that obligation, for it is the court, not the parties, which must be satisfied that jurisdiction may be properly exercised.

■ It has long been understood that if the federal claims that form the basis for jurisdiction are eliminated from the case, the federal court has discretion to exercise pendent jurisdiction over the remaining state-law claims or to decline to exercise jurisdiction. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *see also Gregory v. Mitchell*, 634 F.2d 199, 202 (5th Cir.1981); 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3567.1 (1989). In *Gibbs*, the cornerstone of the pendent jurisdiction doctrine, the Supreme Court expressed the dual requirements for the exercise of pendent jurisdiction of substantiality of the federal claim and factual commonality between the federal claim and state-law claim:

> [I]f, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole.

*Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138. Substantiality of the federal claim for purposes of determining the power of the federal court to exercise pendent jurisdiction is measured in the same manner as is substantiality of a federal claim for jurisdiction purposes; a federal claim which is not too

insubstantial to provide the basis for federal question jurisdiction can support the exercise of pendent jurisdiction.

■ In the May 17, 1989 order of the magistrate finding federal jurisdiction and refusing to remand, the magistrate correctly recognized that jurisdiction was to be determined from the allegations on the face of the complaint without reference to the factual sufficiency of those allegations. *See Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344 (5th Cir.1985). While this court would perhaps have been less willing to grant access to the federal courts given what appears was the wholly insubstantial nature of the supposed federal claim, the court cannot say that the magistrate erred in opening the doors to the court. However, his later refusal to remand after permitting the elimination of the federal claim, a claim that at all times was completely and obviously lacking in merit, was in error. While the pendent jurisdiction doctrine is clearly one of discretion, the Court in *Gibbs* counseled that "[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in the jurisdictional sense, the state claims should be dismissed as well." *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139; *see also Tinker v. DeMaria Porsche–Audi, Inc.*, 632 F.2d 520, 523 (5th Cir.1980) (quoting *Gibbs*). Because there were and are no considerations which can be properly deemed as weighing in favor of federal jurisdiction over what are solely state-law issues,[1] *Gibbs* dictates the relinquishment of jurisdiction in favor of the state court.

In *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), the case primarily relied upon by the magistrate in concluding that the exercise of federal jurisdiction over plaintiff's state-law claims was proper, the Court, explaining its holding in *Gibbs*, expressed that when the federal claim is eliminated from an action initiated in federal court and alleging federal-law and state-law claims, "the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Cohill*,

---

**1.** See infra p. 301.

108 S.Ct. at 619. The Court in *Cohill*, in contrast, was faced with an action which had not been initiated in federal court but had been removed from state court, following which the federal claim was deleted by plaintiff's amendment of his complaint, precisely the situation presented in the case *sub judice*. It addressed the question of whether, in the case of a removed action, once the federal claim has been eliminated, the court could in its discretion "relinquish jurisdiction over the case only by dismissing it with prejudice or whether the District Court could relinquish jurisdiction over the case by remanding it to state court as well." *Id.* The Court explained as follows:

> *Gibbs* itself does not directly address this issue; because the plaintiff in *Gibbs* filed his suit in federal court, remand was not an option in the case, and the Court spoke only of dismissal. But *Gibbs* established that the pendent jurisdiction doctrine is designed to enable courts to handle cases involving state-law claims in the way that will best accommodate the values of economy, convenience, fairness, and comity, and *Gibbs* further establishes that the judicial branch is to shape and apply the doctrine in that light. Because in some circumstances a remand of a removed case involving pendent claims will better accommodate these values than will dismissal of the case, the animating principle behind the pendent jurisdiction doctrine supports giving a district court discretion to remand when the exercise of pendent jurisdiction is inappropriate.

*Id.* Thus, in a case that was removed from state to federal court, the court may remand the state-law claims to state court rather than dismissing the state-law claims, if it chooses to do so.

In the court's view, *Gibbs* establishes that once the federal-law claims dropped out of this lawsuit, this court should not have retained jurisdiction over the purely state-law claims since the elimination of all federal-law claims in an action such that only state-law claims remain presents "a powerful reason" for the court to decline to continue to exercise jurisdiction. *Id.* This is particularly so where the putative federal claims, while not insubstantial from a jurisdiction standpoint, are wholly without merit and where, as here, the plaintiff apparently never intended to assert a federal cause of action. In this case, there clearly exists no countervailing circumstances that would support the continued exercise by this court of jurisdiction. There is nothing to indicate that judicial economy would be served by retaining jurisdiction nor that considerations of fairness favor the continuation of federal proceedings. Moreover, given the availability of remand, there is nothing to prevent the parties' use in state court of the discovery obtained here, and that indeed would presumably be expected by all. There is no reason that a remand would cause either party to incur any additional expenses or would slow trial preparation. Certainly, the motion for summary judgment and partial summary judgment filed before this court could be considered by the state court, a just result indeed, given that the case and the motions concern only state-law issues which are properly addressed to a state court.[2]

In conclusion, *Gibbs* and *Cohill* teach that the magistrate could and should have remanded the case when the federal issues first dropped out of the case. The passage of time does not, under the circumstances, change the propriety of remand and accordingly, the court is of the opinion and so finds that this cause must be remanded.

**2.** The magistrate, in declining to remand and opting instead to exercise pendent jurisdiction, expressed the view that there would be some unfairness to the parties in remanding since the parties have incurred expenses litigating the removal issue and have been caused to suffer some delay in this action as a result of the repeated appearance of the removal issue. The costs incurred in litigating an issue of jurisdiction should not cause the court to exercise jurisdiction where it is clear that it is not proper to

do so. In any event, those expenses are now water under the bridge, so to speak, since they will not increase upon remand and will not be lessened by this action remaining in federal court. The delay involved is not attributable to the plaintiff, who, since the removal of this case, has expressed a desire to return to state court, and he should not be penalized by the defendants' efforts to avoid plaintiff's chosen forum, state court, or by the court's failure to grant the proper relief, remand, at an earlier stage.

It is therefore ordered that this cause is hereby remanded to the Circuit Court of Claiborne County, Mississippi.

ORDERED.