**John DOE and John Roe, Plaintiffs,**

v.

**NORWEST BANK MINNESOTA, N.A., and Voyager Guaranty Insurance Company, Defendants.**

**Civ. No. 3-94-1434.**

United States District Court, D. Minnesota, Third Division.

Sept. 28, 1995.

Ronald Goldser, Zimmerman Reed, Minneapolis, MN, for Plaintiffs.

Bradley G. Clary, Oppenheimer, Wolff & Donnelly, St. Paul, MN, for Defendant Voyager Guaranty Insurance Company.

James Volling, Faegre & Benson, Minneapolis, MN, for Defendants Norwest Bank Minnesota, N.A.

### ORDER

DAVIS, District Judge.

This matter is before the Honorable Michael J. Davis upon Plaintiffs John Doe's and John Roe's objections to United States Magistrate Judge Mason's Report and Recommendation and upon plaintiffs' appeal of Magistrate Judge Mason's Order denying plaintiffs' Motion to Amend dated August 24, 1995.

Pursuant to statute, the Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c).

Based on that review and all the arguments of the parties, the Court ADOPTS the Report and Recommendation.

The Court must also modify or set aside any portion of the Magistrate Judge's Order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R.Civ.P. 72(a); Local Rule 72.1(b)(2). Based on a review of the record and the submissions of parties, the Court concludes that the Magistrate Judge's Order is neither clearly erroneous nor contrary to law.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Complaint against Voyager Guaranty Insurance Company is dismissed.

2. Counts Three and Seven of the Complaint against Voyager Guaranty Insurance Company are dismissed with prejudice.

3. Count Six of the Complaint against Voyager Guaranty Insurance Company is dismissed without prejudice.

4. Plaintiff's Motion to Amend is denied.

### ORDER AND REPORT AND RECOMMENDATION

MASON, United States Magistrate Judge.

This matter is before the Court upon Plaintiffs' Motion to Amend the Complaint and upon the Motion of Defendant Voyager Guaranty Insurance Company to dismiss pursuant to Rule 12(b)(1) and 12(b)(6). Ronald Goldser, Esq. of Zimmerman Reed appeared on behalf of Plaintiffs; Bradley G. Clary, Esq. of Oppenheimer, Wolff & Donnelly appeared on behalf of Defendant Voyager Guaranty Insurance Company. The Motion to Dismiss was referred to the undersigned by Judge Michael J. Davis for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

### FINDINGS OF FACT/REPORT

The Complaint in this matter contains three counts alleging liability on the part of Defendant Voyager Guaranty Insurance Company: Count Three alleges a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., Count Six alleges tortious interference with contrac-

tual relations between the Plaintiffs and Norwest, and Count Seven alleges a breach of a duty of good faith and fair dealing. Plaintiffs acknowledge that the allegations in Count Seven against Voyager should be dismissed. They propose to Amend their Complaint to add an additional claim alleging that Voyager was unjustly enriched.

There is not diversity between Plaintiffs and all Defendants. Jurisdiction of this Court with respect to the claims against Voyager is based upon 28 U.S.C. § 1331, as to the federal question presented by the provisions of RICO, and upon supplemental jurisdiction (28 U.S.C. § 1367) as to the other claims, including the claim proposed to be asserted in the Amended Complaint.

The Court concludes that Count Three of the Complaint against Voyager (the claim based upon RICO) must be dismissed because it is preempted by the provisions of the McCarran–Ferguson Act. 15 U.S.C. § 1011, et seq. Count Seven against Voyager should be dismissed because Plaintiffs do not oppose the Motion. Count Six should be dismissed because the Court should decline to exercise its discretion under 28 U.S.C. § 1367(c) to assume jurisdiction over those claims. The motion to amend the Complaint is denied, because if it states a claim, it is a claim as to which the Court should decline to exercise supplemental jurisdiction.

### Rule 12(b)(6)

The standard for considering a motion to dismiss for failure to state a claim under Rule 12(b)(6) is as follows:

"In reviewing a motion to dismiss for failure to state a claim the Court presumes all factual allegations to be true and all reasonable inferences from those allegations are construed in favor of the non-moving party. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Stephens v. Associated Dry Goods Corp.,* 805 F.2d 812, 814 (8th Cir.1986). The appropriate inquiry is not whether plaintiff will ultimately prevail but whether he will be allowed to introduce evidence to support his claims. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686. Because dismissal on the pleadings is an extreme remedy it is

not favored by the courts and is employed only when 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957) (footnote omitted); *see Robinson v. MFA Mutual Insurance Co.,* 629 F.2d 497, 500 (8th Cir.1980)."

*TCF Banking and Savings, F.A. v. Arthur Young & Co.,* 706 F.Supp. 1408, 1410 (D.Minn.1988). Although Courts frequently state the requirement that a Complaint may not be dismissed unless plaintiff can prove "no set of facts in support" of the claim, the phrase is not applied literally, as is apparent from a review of the decisions granting motions to dismiss. It is clear, however, that the standard for dismissal under Rule 12(b)(6) is a very high one.

## McCarran–Ferguson Preemption

Voyager seeks dismissal of the RICO claims in Count Three of the Complaint based upon the provisions of the McCarran–Ferguson Act, which provides at 15 U.S.C. § 1012(b):

"(b) No act of Congress shall be construed to invalidate, impair or supersede any law enacted by any State for the purpose of regulating the business of insurance ... unless such Act specifically relates to the business of insurance ..."

Voyager contends that the provisions of this Act, require that application of RICO to the activity which is challenged in this case would have the effect of invalidating, impairing or superseding Minnesota law, and thus that the action should be dismissed.

Since the parties agree that RICO does not "specifically relate to the business of insurance" the court must look to other tests to determine whether this action is preempted by the McCarran–Ferguson Act. Affirmative answers to all three of the following questions would require a determination that the action is preempted: Are the challenged activities of Voyager the "business of insurance?" Has Minnesota enacted laws regulating the activities of Voyager which are being challenged?" Would application of RICO "invalidate, impair or supersede" those

Minnesota laws? It is not disputed that the State of Minnesota has enacted laws regulating the activities of Voyager which are being challenged. *See* Minnesota Statutes Annotated Chapters 59A through 72C, and in particular M.S.A. § 72A.17 *et seq.* We consider the other two issues below

There are no decisions in the Court of Appeals for the Eighth Circuit which directly bear on the questions presented. There are many District Court decisions. Plaintiffs rely principally upon the following decisions, in which the Court found that the allegations against the parties in those cases were not preempted by McCarran–Ferguson: *Bermudez v. First of America Bank Champion, N.A.,* 860 F.Supp. 580 (N.D.Ill.1994); *First National Bank v. Sedgwick James of Minnesota,* 792 F.Supp. 409 (W.D.Pa.1992); and *Thacker v. New York Life Insurance Company,* 796 F.Supp. 1338 (E.D.Cal.1992). Voyager relies principally upon the following decisions, where the Court found that the claims were preempted: *Wexco Inc. v. IMC, Inc.,* 820 F.Supp. 194 (M.D.Pa.1993); *Gordon v. Ford Motor Credit Co.,* 868 F.Supp. 1191 (N.D.Cal.1992); *Senich v. Transamerica Premier Ins. Co.,* 766 F.Supp. 339 (W.D.Pa. 1990); and *American Int'l. Group, Inc. v. Superior Court,* 234 Cal.App.3d 749, 285 Cal. Rptr. 765 (1991), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1944, 118 L.Ed.2d 549 (1992). It also relies upon *Forsyth v. Humana, Inc.,* 827 F.Supp. 1498, 1520 (D.Nev.1993) and *Le-Duc v. Kentucky Central Life Ins. Co.,* 814 F.Supp. 820, 827–28 (N.D.Cal.1992). The cases relied upon by the parties contain an extensive review of the applicable legal principles and standards, which need not be repeated in this Opinion.

### The Business of Insurance

The Supreme Court has enunciated a three-part test to determine whether the challenged activities constitute the business of insurance, summarized as follows: Does the practice have the effect of transferring or spreading a policyholder's risk? Is the practice an integral part of the policy relationship between the insurer and the insured? Is the practice limited to entities within the insurance industry? *See Union Labor Life Ins.*

Co. v. Pireno, 458 U.S. 119, 129, 102 S.Ct. 3002, 3009, 73 L.Ed.2d 647 (1982); Group Life & Health Ins. Co. v. Royal Drug Co., 440 U.S. 205, 211–216, 99 S.Ct. 1067, 1073–1076, 59 L.Ed.2d 261 (1979).

The beginning point, of course, is to determine what activities are being challenged. The RICO allegations against Voyager are in paragraphs 55 through 61 of the Complaint. Plaintiffs assert that "the challenged practices are banking practices. They involve adding charges to borrowers' loan accounts that are not authorized under the terms of their loan agreements, and charging borrowers' accounts for costs of insurance that the bank does not incur." But this is what it is that the Plaintiffs allege that Defendant Norwest Bank is doing. Voyager's role, the Complaint alleges, was to provide the insurance to the customers of the Bank, in return for payment by the Bank, the cost of which the Bank passed along to its customer. The amount paid by Voyager to the Bank for its role is characterized by Plaintiffs as a "kickback, rebate or commission."

The allegations against Voyager directly describe the activity as being the business of insurance. The Complaint alleges that Voyager "agreed to and carried out all aspects of Norwest's insurance activities on its portfolio of motor vehicle loans" and "contracted to and functioned as Norwest's automobile insurance department." Complaint, ¶ 55. It alleges that Voyager "mailed thousands of documents containing material misrepresentations regarding the nature of the insurance coverage charged to the Plaintiffs and the Class, the cost of the insurance, and the amount of interest charged." Complaint ¶ 56.

In Bermudez v. First America Bank Champion, N.A., 860 F.Supp. 580 (N.D.Ill. 1994) the party seeking dismissal was a lending institution. The Court concluded that the challenged activities were those of passing along the insurance cost from the bank to the customer, and that those were not the business of insurance. The Court reasoned that the transfer of the cost of the insurance to the bank's customer was separate from the actual spreading of the risk, was not an integral part of the policy relationship between insurer and insured and was not a practice limited to the insurance industry. That is a different case from the one now before the Court.

In First National Bank v. Sedgwick James of Minnesota, Inc., 792 F.Supp. 409 (W.D.Pa.1992) and in Thacker v. New York Life Ins. Co., 796 F.Supp. 1338 (E.D.Cal. 1992), the Court characterized the challenged practice as fraud, and concluded that "mail fraud is not the ordinary business of insurance." This approach is rejected. It has properly been criticized as resulting in a rule which would "read the McCarran–Ferguson Act out of existence" since fraud or wrongful conduct is a standard allegation. Merchant's Home Delivery Service, Inc. v. Frank B. Hall & Co. Inc. 50 F.3d 1486 at 1490 (9th Cir.1995). See also Wexco Inc. v. IMC, Inc., 820 F.Supp. 194, 201 (M.D.Pa.1993).

Paraphrasing the Court in Merchant's Home Delivery, supra, 50 F.3d at 1490, Voyager and Plaintiffs actually were parties to an insurance policy which transferred and spread risks. Collection of premiums is integral to the relationship between insured and insurer. Only in the insurance industry are insurance policies written and insurance premiums collected. Plaintiffs' claim here is not that they were never insured or that their risk was not spread, but simply that they were charged more than they should have been for the insurance coverage they should have received.

For the reasons analyzed by the Courts in Merchant's Home Delivery and Wexco Inc., it is concluded that the practices complained of do constitute the business of insurance.

### Does RICO "invalidate, impair or supersede" Minnesota Law

A much more difficult question is presented when the Court considers whether the application of RICO to the conduct in question would "invalidate, impair or supersede" the comprehensive Minnesota legal regulation of insurance, but it is not thoroughly considered by the parties. Plaintiffs argue that Minnesota law does not allow a private cause of action for violations of the Minneso-

ta Unfair Claims Practices Act,[1] and that permitting such a claim in a RICO action would allow a remedy in federal court that is not available in state court. This would not invalidate or supersede the state law, but it may impair it.

In *Merchant's Home Delivery, supra,* the Court rejected an argument like the one presented by Plaintiffs herein. It concluded that although the practices in question were the "business of insurance," the RICO action was not preempted because allowing the additional remedies of RICO leaves the state laws intact. It concluded that Congress had not intended "to allow states to preempt the field in the regulation of the business of insurance." 50 F.3d at 1491. The Court stated:

> "If Congress had intended to cede the field, it could have said: 'No federal statute shall be construed to *apply* to the business of insurance.' Instead, it allowed federal statutes to apply unless they conflict with the states' statutes."

50 F.3d at 1492. (Emphasis in original.) The parties do not discuss this holding in *Merchant's Home Delivery.*

The Court of Appeals for the Eighth Circuit has not reached a conclusion on this issue. It is unclear whether that Court would adopt the reasoning of the Ninth Circuit, or would reach a different conclusion, perhaps persuaded by the reasoning of the District Courts in the cases considered below.

In *Wexco Inc.,* the Court reasoned:

> "The availability of a federal private action under RICO would not merely nullify the state's chosen regulatory remedies for insurance entity misconduct. Rather, this court believes that the availability of a federal private remedy which would reward successful business plaintiffs, such as the captioned parties, with treble damages,

costs and attorney fees cannot help but upset the balance of relationships between insurance entities and insureds which are established and regulated [by the State]."

*Wexco, supra,* 820 F.Supp. at 204. The Court reached a similar conclusion in *Forsyth v. Humana, Inc., supra,* 827 F.Supp. at 1521–1522.[2] *See also LeDuc v. Kentucky Central Life Ins. Co., supra,* 814 F.Supp. at 829.

There is substantial debate concerning the ever expanding use of the Racketeer Influenced and Corrupt Organizations Act to reach activity which seems removed from the criminal enterprises which were the principal focus when it was adopted. With that in mind, and in a legal environment raising renewed issues of federalism,[3] it is concluded that the Congress would not have intended that comprehensive state regulation of insurance would be supplemented by the remedies in RICO. Rather, the preemption of the McCarran–Ferguson Act should be applied to the claims brought in this action against Voyager Guaranty Insurance Company.

### The Remaining Claims

■ Having determined that Count Three of the Complaint should be dismissed, the Court must next determine whether to exercise supplemental jurisdiction in this matter. The old doctrine of "pendent jurisdiction" is replaced by the 1990 Congressional action adopting 28 U.S.C. § 1367. Specifically applicable in this instance are the provisions of subdivision (c)(3):

> "(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— ... (3) the district court has dismissed all claims over which it had original jurisdiction."

There is not agreement in the Circuits about whether this Act represents a codification of existing law (*see Brazinski v. Amoco*

---

1. *Morris v. American Family Mutual Ins. Co.,* 386 N.W.2d 233, 238 (Minn.1986); *O'Reilly v. Allstate Ins. Co.,* 474 N.W.2d 221, 223 (Minn.App. 1991); *Pillsbury Co. v. National Union Fire Ins. Co. of Pittsburgh, PA,* 425 N.W.2d 244, 248 (Minn.App.1988).

2. "For this Court to allow Plaintiffs to pursue the harsher RICO penalties for behavior which the

Nevada legislature apparently did not deem worthy of such penalties, would be tantamount to allowing Congress to intercede in an area expressly left to the states under the McCarran–Ferguson Act."

3. *See United States v. Lopez,* —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995).

*Petroleum Additives Co.,* 6 F.3d 1176, 1182 (7th Cir.1993) (Posner, J.) and the dissenting opinion in *Executive Software, infra*), or represents an intent to expand the number of cases in which supplemental jurisdiction is undertaken. See *Executive Software North America, Inc. v. United States District Court,* 24 F.3d 1545 (9th Cir.1994).[4]

The Court of Appeals for the Eighth Circuit has not addressed the issue. However, under the facts of this case, there seems little doubt that it would be appropriate to decline to exercise jurisdiction of the state claims, since the claims over which this Court has original jurisdiction are to be dismissed (28 U.S.C. § 1367(c)(3)), and there is already an action pending in Hennepin County District Court in which the issues are raised. *See Klaers v. St. Peter,* 942 F.2d 535, 539 (8th Cir.1991) ("Given the other state court litigation ... it is particularly appropriate that these pendent claims be pursued in state court following the grant of summary judgment on plaintiffs' federal claims.") *See also Wexco Inc. v. IMC, Inc.,* 820 F.Supp. 194 at 204 (M.D.Pa.1993).

### Plaintiffs' Motion to Amend

■ Plaintiffs' Motion to Amend is directly before this Court pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1. *See e.g., Bryant v. Mississippi Power & Light Co.,* 722 F.Supp. 298 (S.D.Miss.1989); *Walker v. Union Carbide Corp.,* 630 F.Supp. 275 (D.Me.1986). Although a pretrial motion for leave to amend is to be liberally granted, courts need not allow amendments to pleadings if the amendment would be "futile." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Harbor Ins. Co. v. Essman,* 918 F.2d 734, 739 (8th Cir.1990). In this case, since the proposed amendment to the Complaint seeks to add a claim as to which there is not independent federal jurisdiction, the motion to amend should be denied for the reasons set forth above.

### CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Amend be, and it hereby is denied.

IT IS HEREBY RECOMMENDED that:

1. The Motion of Defendant Voyager Guaranty Insurance Company to dismiss the allegations against it in Count Three and Count Seven of the Complaint be granted, and that said claims be dismissed with prejudice;

2. The Motion of Defendant Voyager Guaranty Insurance Company to dismiss the allegations against it in Count Six of the Complaint be granted, and said claims dismissed without prejudice; and

3. Voyager Guaranty Insurance Company be therefore dismissed as a party herein.

Dated: August 24, 1995.

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties within ten days after service of a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days after service of the Report and Recommendation.

---

4. Counsel for Plaintiff mis-cite the earlier opinion in *Executive Software.* That opinion was withdrawn and superseded by the opinion cited herein.